## J. W. LYNCH v. RICHARDSON LUMBER COMPANY.

**PLEADINGS**—*Defects in—When Disregarded.* Under §§ 140 and 316 of the code of civil procedure, this court will disregard any error or defect in a pleading which does not affect the substantial rights of the adverse party, and which is not prejudical. Where the whole record shows no merit in the defense of an action or upon appeal, the court will disregard any defects in the form of a petition demurred to.

*Error from the District Court of Kay County.*

*A. A. Byers* and *Joseph Wisby*, for plaintiff in error.

*Allen & Allen* and *Hardin Ebey*, for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.:   The only question presented or argued in the brief of counsel for the plaintiff in error, arises

upon the action of the court below in overruling a demurrer to defendant in error's petition. The petition set forth in ordinary and concise language that the plaintiff sold and delivered to the defendant a bill of lumber amounting to $595; that defendant admitted the correctness of the account; that defendant gave to the plaintiff his check in payment of said account, drawn on the National Bank of Fort Worth, Texas; that said check was given by defendant and received by the plaintiff in settlement and payment of said account; that said check was returned to the plaintiff by said bank, having endorsed on the back thereof, "No funds." That plaintiff immediately notified defendant of the dishonor of said check; that said account nor check or any part thereof had been paid the plaintiff. It is insisted that this petition is defective under sub-division 5, § 89, of the code of civil procedure, which provides: "That it shall be good grounds for demurrer that several causes of action are improperly joined." But this objection was not made by the demurrer. The ground for the demurrer stated was: "That said petition does not state facts sufficient to constitute a cause of action." We do not think the grounds stated in either the demurrer or the brief are tenable. Two causes of action are not stated. The cause of action alleged is the failure to pay the check. The averments of the petition as to the sale and delivery of the lumber was intended to show the consideration for the check and might be regarded as surplusage—not being necessary. The petition is not as artistically drawn as it might have been, but it states a cause of action. We have examined the whole record and there is no merit, either in the attempted defense or in this appeal, and if the petition is technically defective, we would not be justified in reversing the judgment.

Section 140, of our code of civil procedure, provides:

"The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

And § 316 of the code provides:

"No exception shall be regarded unless it is material and prejudicial to the substantial rights of the party excepting."

Under these provisions, that precision is not required in making or construing pleadings that: "Can a hair divide between its south and southwest side?"

The judgment of the court below is affirmed.

Bierer, J., who presided in the court below, not sitting; all the other Justices concurring.