JAMES A. GRAHAM v. ELSIE M. HEINRICH AND C. D. HEINRICH.

(Filed September 9, 1903.)

1. DEFECTS—Disregarded, When.   The supreme court upon appeal will disregard any irregularity, error or defect in the pleadings, and proceedings, which does not affect the substantial rights of the parties.

2. JUDGMENT—Reversed When.   To authorize a reversal of a judgment of the trial court, under the code of civil procedure, because an amendment to the pleading was permitted, there must be such a showing as would produce a reasonable conviction that there was an abuse of judicial discretion.

3. CONTRACT—Action on—Estoppel.   After a party has brought an action in the district court alleging a legal and binding contract, and seeking to be relieved from the stipulations thereof upon his part, and answer and cross-petition filed by the defendants praying that the contract be enforced, and trial is had, and specific

performance decreed, it is too late after appeal to the supreme court for plaintiff, for the first time, to elect to declare the contract invalid, as coming within the statute of frauds.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*V. M. Hobbs, D. K. Cunningham, Bradley & Bradley* and *Buckner & Son,* for plaintiff in error.

*J. C. Robberts,* for defendant in error.

### STATEMENT OF FACTS.

An action by the plaintiff in error as plaintiff, against the defendants in error, as defendants, in the district court of Kingfisher county, to rescind contract. Defendants by answer and cross-petition allege full compliance with contract, pray specific performance, and for decree quieting title in land in defendants, and for damages in the sum of $500, the value of the possession and use of the land. Finding, judgment and decree for defendants. Plaintiff brings the case here by petition in error for review.

Opinion of the court by

BEAUCHAMP, J.: On August 23, 1899, the petition of the plaintiff was filed in the court below. On September, 18, 1899, the defendants filed their answer and cross-petition. In August, 1900, there was a fire which destroyed the records, including the answer and cross-petition of the defendants in this case. On September 15, 1900, the defendants filed a notice in the office of the clerk of the district court that they would substitute the answer and cross-petition. On the 2nd day of February, 1901, the defendants filed their answer and cross-

petition as substitute for the answer and cross-petition destroyed by fire. On the 16th day of February, 1901, the plaintiff filed a motion to strike the answer and cross-petition of the defendants from the files, and for judgment as prayed in petition, for the reason that same was filed without permission of court, and without notice to plaintiff or his attorneys, and after the 1st day of January, 1901, which motion was by the court overruled. On the 27th day of February, 1901, the plaintiff filed his answer to the answer and cross-petition of the defendants. The trial was had February 28, 1901.

The first assignment of error by the plaintiff is based upon the action of the trial court in the overruling the motion of plaintiff to strike the defendant's answer and cross-petition from the files, and is based upon sections 1 and 2, chapter 42, laws of Oklahoma, 1895, Wilson Statutes, 5902-5903. On the 15th day of September, 1900, the defendants filed with the clerk of the district court the notice before mentioned, and which, omitting the caption, reads as follows:

"To the clerk of said court, the plaintiff, and all other persons interested:

"You are hereby notified that in the above entitled case, '143' in which James A. Graham is plaintiff and Elsie M. and C. D. Heinrich are defendants, the said defendants filed an answer and cross-petition in this court on the 18th day of September, 1899, in which they prayed for affirmative relief claiming to be the owners of the land involved in said cause, to-wit: the southeast quarter, section 32, township 16, range 7, w. in Kingfisher county, O. T., asking that the title to the said tract be forever quieted and settled in said defendants, The papers including the cross-petition in said cause were destroyed by fire and the defendants intend to substitute their said cross-petition and insist on their rights in said cause

including the title to the said tract of land.   All persons deal-
ing with said James A. Graham for the said tract of land will
take due notice hereof.

"J. C. ROBBERTS, Atty for Deft."

Afterwards on the 2nd day of February, 1901, the de-
fendants filed a substituted answer and cross-petition in said
cause.   It will be observed from the notice and the dates
above quoted, the plaintiff had sufficient notice of the filing
of the defendant's substituted answer, and there is no alle-
gation or showing made by the plaintiff that he has in any
manner been harmed thereby.   Section 4344, Wilson Stat-
utes, provides:

"The court in every stage of action must disregard any
error or defect in the pleadings or proceedings, which does
not affect the substantial rights of the adverse party; and no
judgment shall be reversed or affected by reason of such er-
ror or defect."

While it is true that it would have been better practice
for the plaintiff to have complied with the provisions of sec-
tion 1 and 2 of chapter 42 of the laws of 1895, it was a harm-
less irregularity by which no one was injured; consequently
this court will not take it into consideration in deciding this
case.   (*Lynch v. Richardson Lumber Co.,* 5 Okla. 628; *Ken-
non v. Territory,* id 685; *Martins v. Railroad Company,* 7 id
452-459; *Browning v. Aiken,* 10 id 536.)

The second contention of the plaintiff in  error is that
the trial court "erred in sustaining the objection to question
of plaintiff as to whether the defendants refused to take the
$180.00 note when tendered to them."   The note referred to
is the note that is alleged to have been given as part consid-
eration for the purchase of the land and property described
in the pleadings, and which the plaintiff claimed to have ten-

dered back to the defendants prior to the time of bringing this action. While the plaintiff, Graham, was upon the witness stand, testifying in his own behalf, after stating that he was with the defendant, C. D. Heinrich, at the bank, the following questions were asked:

"Q. Was the note handed him (Heinrich) at that time?

"A. I don't recollect.

"Q. Did he refuse to take it?"

To which last question an objection was interposed by the defendants for the reason that the same was leading, which was by the court sustained, to which the plaintiff excepted.

"Q. When you offered to tender this note, what did he say?

"A. He said he was a good pensioner and commenced to talk to fix that up.

"Q. What did he do in reference to taking it or not?

"A. He refused to take it, said he wanted the place." (See record, page 31.)

The objection was well taken, and the court committed no error in so ruling. The question propounded was a question which directly suggested the answer, and was in violation of the rule which is intended to avoid the danger that the questioner may suggest, and the witness unwittingly, or by connivance may assent to, or repeat a form of words, which does not represent the witness' real and unaided belief. Questions are objectionable as leading which, embodying a material fact, admit of an answer by simple negative or affirmative answer, provided the inquiry is directly suggestive of the desired answer. But conceding that the ruling of the trial court was error, it is immaterial, for the ques-

tion propounded was fully answered in the answer to the last question as above quoted, and which question and answer were permitted without objection or exception.

The plaintiff contends that the trial court erred in sustaining the objection of defendants to the question propounded by plaintiff, on cross-examination, to Whistler, defendants' witness as follows: "Was that a fair contract?" The witness, Whistler, was the person who assisted in negotiating the sale and trade between the plaintiff and defendants, and was present when the sale and trade was consummated, and heard the conversation between the parties, and was placed upon the stand by the defendants to testify with reference to the details of the transaction. The question to be determined by the court was whether the contract was or was not a fair contract from all the evidence and facts surrounding the transaction. The question propounded was clearly a question calling for an opinion or conclusion of the witness, and was clearly an attempt on the part of plaintiff's counsel to have the witness state a conclusion or opinion upon the very question and matter that was then being determined and tried by the court. We presume that it will not be necessary to cite authorities in support of the correctness of the ruling of the trial court upon this question, or to spend further time in the discussion thereof. The ruling of the trial court was preeminently correct.

The plaintiff in error contends that "the trial court erred in sustaining the objection of the defendants to the question propounded to the defendant on cross examination as to the costs of articles of personal property mentioned in the bill of sale." Our attention is not directed to the page of the record upon which this question will be found. This

court has repeatedly held that it will not and cannot be ex-
pected to search through a great mass of testimony to find
a single question.   The record in this case contains over
100 pages of typewritten matter.   If counsel desire the court
to examine and pass upon objections and the rulings of the
court thereon to the admission of testimony, they must in
their brief specifically point out the page of the record which
they desire to have examined; otherwise this court will dis-
regard the assignment of error based thereon.

The plaintiff contends that the trial court "erred in per-
mitting defendants to amend their answer and cross-petition
over the objection of plaintiff, at about the close of the trial,
by inserting a clause for damages for the use of the land."

Before the close of the trial, upon application, the de-
fendants were permitted to amend their answer and cross-
petition by inserting a prayer for damages for the detention
and use of the property, the subject of the controversy.   Un-
der our code of civil procedure, amendments to pleadings are
largely within the discretion of the trial court, and are very
favorably regarded.   To authorize a reversal of the judg-
ment of the court because an amendment to the pleadings
was permitted, there must be such a showing as would pro-
duce a reasonable conviction that there was an abuse of ju-
dicial discretion.   The amendment permitted was simply an
amendment to the prayer contained in the cross-petition, and
did not in any way change the cause of action, or change any
material allegation of the cross-petition, but was only an
amendment such as to permit the defendants to recover the
full relief to which they were entitled under the evidence.   It
is not questioned by the plaintiff in error that if the prayer
had contained a demand for judgment for damages in the

first instance, they could have been properly recovered in this case. The only complaint is that the court permitted the defendants to amend their prayer at the time at which it was allowed. The amendment was a demand for judgment, to which the defendants were entitled, and the court committed no error in permitting the amendment. Had the plaintiff thought it necessary to have introduced evidence to show that the damages were less than as claimed by the evidence of the defendants, and deemed it necessary, he could have undoubtedly secured a continuance for that purpose. No continuance was asked or evidence introduced by the plaintiff in any way tending to contradict the evidence of the defendants' witnesses as to the amount of damages that were sustained, and should be recovered by the defendants.

It is contended by the plaintiff in error that "the trial court erred in sustaining objection of defendants to evidence offered by plaintiff as to the value of the watch that Heinrich sold to plaintiff for $100." The watch referred to was a watch that was sold to the plaintiff by the defendant Heinrich for the sum of $100 as a part of the consideration for the purchase of the property in question, and which was delivered to the plaintiff at the time that the sale of the property in question was agreed upon. The defendant Heinrich during the trial was recalled to the witness stand for further cross examination by consent, and was asked, "In figuring on this trade and making it with Graham, did you not tell him that the watch he got was solid gold, and that the watch cost $90, and the chain $20?" The question was objected to by the defendants as immaterial, which objection was by the court sustained, and exception saved by the plaintiff. Upon examination of the petition it will be found that there

was no allegation of any misrepresentations made by defendants as to the value of the watch, or as to any fraud or deception practiced by the defendants with reference to the watch. We know of no rule which would permit the plaintiff to prove upon the trial any facts for which he has not laid the basis in his petition. The purpose of pleadings is to advise litigants of what they may be expected to meet upon the trial, and to hold that the plaintiff would be permitted to introduce evidence of matter wholly foreign to the allegations in his petition, would be to violate the long established and settled rules of evidence, and would be to permit litigants to introduce evidence of matters wholly foreign to their pleadings, of which the adverse party had no notice, or could have reasonably expected. The ruling of the trial court was correct.

The plaintiff contends that there was error in the findings of fact and conclusions of law set forth in the judgment. We have carefully examined the record, and find that the findings, conclusions and judgment of the trial court are fully justified and warranted by the evidence in the case. We find no dispute as to the fact of an agreement for the sale of the land having been made, or the execution of the deed for the land in question, the bill of sale for the personal property, and the execution of the notes and mortgage for a part payment of the purchase price, the payments made, and the disposition of the papers executed. The only dispute between the parties under the evidence seems to be as to whether the defendants agreed to pay the sum of $1800 for the land alone and $300 for the personal property purchased from the plaintiff; or, as contended by the defendants, that the sum of $1800 was the full consideration for the purchase of both

the real estate and personal property, and this is the only proposition upon which there seems to be any serious conflict in the testimony. The trial court found in favor of the defendants. In addition to the deed executed by the plaintiff, his bill of sale for the personal property, his receipt for the money and property received by him, the defendant, C. D. Heinrich, testified positively as to the terms and conditions of the contract; also the witness Whistler, who negotiated the sale, and who was fully conversant with all the details and circumstances connected with the negotiations; each testifying that the consideration expressed in the deed, to-wit; $1800, was the agreed consideration for the purchase in question, both real and personal property, and the court so found. As will be seen, it is shown by clear and positive evidence that the purchase price of the property in question, both real and personal, was $1800, and the finding of the court was fully warranted by the evidence. If it were true that the findings are against the weight of the evidence, that would be no reason to reverse this case. It is a universal rule that appellate courts will not disturb a judgment of the trial court sustaining a finding based on conflicting evidence, where there is evidence to support it. (See *Gorman v. Hargis,* 6 Okla. 361.)

This disposes of all of the questions raised by the plaintiff in error in his original brief in this case. A month after the parties had filed their briefs in this case, the plaintiff in error seems to have discovered that he had mistaken his remedy, and filed in this court, what he calls "a supplemental and reply brief" and that the position taken by plaintiff therein may be better understood, we quote from his introduction thereof as follows:

"This action was originally brought by Graham to cancel a deed made by him to Elsie Heinrich for his farm, to-wit: the southeast quarter of section 32, township 16, north of range 7 west, under the false supposition that the title had passed from him.

"The defendants, Heinrich came in and filed their answer and cross complaint, and prayed specific performance and damages for the detention of the land, and upon the issues thus formed the case was tried by the court and a decree rendered requiring Graham to make deed to Elsie Heinrich, pay her $275 damages for the use of the place, and awarding her possession of the land, it having been shown that the deed deposited in Post's bank had been destroyed when the court house was burned.

"We maintain that the title never passed from Graham to Elsie Heinrich. That depositing the deed with Post in his bank never was an escrow, nor did any title pass thereby:

"First, because this was a parol executory contract, therefore it comes within the statute of frauds.

"Second, that by such a contract Graham never parted with the absolute control of the deed.

"Third, for argument's sake, were it an escrow, no title could pass in this case until a second delivery."

We have carefully examined the record with reference to this contention. As is stated by the plaintiff this action was brought by the plaintiff to rescind his contract. The defendants filed their answer substantially admitting the contract as alleged in the petition of the plaintiff, with the exception as to the amount of the purchase price, and alleging that they had fully complied with the terms of the contract; and by way of cross-petition, petitioned the court to decree a specific performance, quiet the title, and for judgment for damages for the value of the use of the land. Upon the

issues thus joined, a trial was had in the district court.  The court found that there was a legal and binding contract, and that the plaintiff had failed to comply with his part of his contract, and failed, refused and neglected to perform each and every part thereof.  There was no exception to the findings by the court.  The only objection or exception found with reference to the findings as disclosed by the record, occurred after the rendition of the order, decree and judgment of the court, as follows:  "To which order, decree and judgment of the court, the plaintiff at the time duly excepted."  In the trial of the case, the plaintiff's evidence was largely as to the facts regarding the negotiations of the parties before and at the time of the execution of the deed, bill of sale, mortgage and receipt, and the contention seems to have been throughout as to whether the contract was a fair contract. There is no objection shown in the record to this character of testimony, nor is there an intimation by the plaintiff or defendants, disclosed in the record, that the contract is invalid by reason of being in parol, and therefore within the statute of frauds.  The first contention or intimation disclosed by the record of this character is the brief of the plaintiff in error which is entitled his "supplemental and reply brief." While we do not desire to be understood as holding, that a question as to a contract in a proper case being within the statute of frauds cannot be raised except specially pleaded, in this case that question was not raised in any manner in the trial court either by answer, objection to the evidence, or exception to the findings of the court upon that question. The plaintiff having brought the action alleging that the contract was a valid contract, binding upon him, seeking the aid of the court to relieve him from the stipulations thereof,

and having treated the contract as legal and binding through-out the trial of this case, it is now too late after appeal to this court to raise that question. It will not be questioned that where there were several papers executed at the same time for the sale of real estate they not only may, but should be considered as a single contract, and given effect to the same extent as if incorporated in a single instrument. Such seems to have been the unquestioned understanding of the parties to this action until the filing of the supplemental and reply brief of plaintiff in error above referred to in this court. It will not be contended that non-compliance with the statute appears upon the face of the pleadings in this case; and where the same does not appear upon the face of the pleadings, we quote the general rule as stated in 9th Encyclopedia of Pleading and Practice, page 705, section 2, which reads as follows:

"While there is no little conflict of opinion regarding the proper mode of taking advantage of the statute of frauds, it may be laid down as a sound and generally accepted rule, with certain exceptions in some jurisdictions, * * * * that unless it appears otherwise that the contract declared on is obnoxious to the statute, the party seeking its protection must specially insist on it in his pleadings. The reason for this rule is obvious. A parol agreement is neither illegal nor void under the law. The statute of frauds requiring the contract to be in writing is simply a weapon of defense which the party entitled to may or may not use for his protection. If he does not specially by plea or answer set it up and rely upon it as a defense he cannot afterwards avail himself of its benefits.

"Thus it has been held that the defense could not be raised for the first time at the hearing, nor in an instruction; and it is generally held not to be an available defense

in an appellate court, unless first set up in the court below. In equity, where it does not appear upon the face of the bill that the contract fails to conform to the requirements of the statute of frauds, advantage may be taken of the statute either by pleading it in bar, or insisting upon it by way of defense in the answer."

We have carefully examined the authorities upon this question, including the reports of the supreme court of the United States; and that court has held, (quoting from the syllabus of *May v. Sloan,* 101 U. S. 231): "Where an agreement for the sale of land alleged in a bill of equity praying for specific performance is denied by the answer, the defendant, where there is no written evidence of such agreement, may at the hearing insist on the statute of frauds as effectually as if it had been pleaded."

It will be found upon an examination of this case that the defendant in his answer denied that any such agreement set up in plaintiff's petition was made, and thereon the court say: "Such a denial is as effectual for letting in the defence as if the statute of frauds had been pleaded." But we have been unable to find a single case (and we have examined a great number) wherein it is held that a party may bring an action upon an alleged legal contract, seek relief at the hands of the court, proceed to trial and judgment in that court, introduce evidence in proof of the alleged contract, never in any way intimate that such contract is illegal by reason of being within the statute of frauds, and when defeated, appeal, and for the first time raise that question, and exercise the privilege in the supreme court. Even conceding that the contention of the plaintiff in error is correct, that the contract was in parol, therefore within the statute of

frauds, (which we do not desire to be understood as conceding) the plaintiff in error cannot be heard to question the contract at the time and in the manner sought.

Finding no error in the proceedings and judgment of the trial court that will justify a reversal, the judgment is therefore affirmed, with costs to the plaintiff in error.

Irwin, J., who presided in the court below, not sitting; Burford, C. J., and Gillette, J. absent; all of the other Justices concurring.