JAMES PENTON v. D. M. HANSEN.

(Filed September 10, 1903.)

REPLEVIN WILL NOT LIE, WHEN. D. M. Hansen delivered to James Penton six head of cattle, to be kept by him for three years, for which he was to receive one half of the increase. The contract was in writing; Held: that although Penton unlawfully sold part of the cattle, replevin could not be maintained by Hansen to recover the possession of those remaining in Penton's possession, before the end of three years; and that replevin is not a chancery action which can be invoked for the cancellation of a contract.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*J. Mack Love,* for plaintiff in error.

*Howsley & Howsley,* for defendant in error.

Opinion of the court by

BURWELL, J.:   On the first day of March, 1900, James H. Penton and D. M. Hansen entered into the following contract:

"Arkansas City, Ks., Mch. 1st, 1900.

"This contract made this first day of March, A. D. 1900, between D. M. Hansen of Arkansas City, Ks., Cowley county, as party of the first part, and James H. Penton, of

Kay county, Ok. Ter. Witnesseth: That the said D. M. Hansen, for the consideration heretofore expressed, let run to J. H. Penton 6 head of cattle for a period of three years unless by mutual consent of both parties said contract is dissolved either by party of second part not being able to look after and take care of said stock, or by death, etc. Further, it is agreed that party of first part may dispose of the two old cows and replace them with younger animals in course of time, but must be agreed to by both parties. The increase of said stock shall be equally divided, one-half going to the party of the first part and the other half to the party of the second part; each party taking one animal at each choice, to begin by party of the first part. Further, the party of the first part agrees to place with the party of the second part a male for the service of said cows, same to be kept free of charge. Cattle may be kept anywhere in Kay county, O. T., but in charge of said Penton. Residence n. 1-2 of n. w. 1-4 sec. 22, town. 29, range 3.

"Signed: D. M. Hansen.

Witnesses:            "Signed: James H. Penton,

"Signed: Martha A. Penton."

The cattle named in the contract were delivered to Penton, but it is contended by him that this written contract was, by a mutual oral agreement, abandoned, and that Hansen agreed to pay him a stipulated price per head per month for feeding the cattle. Hansen, however, denies that he ever made such oral agreement. On February 27th, 1901, Penton commenced an action against Hansen before W. H. Smart, a justice of the peace, for the sum of $42.50, the amount which he claimed to be due him under the alleged oral contract. A summons was issued, and the constable made a return to the effect that the defendant could not be found in the county. Thereupon service was made by publi-

cation for three days, under article 5, chapter 2, of the statutes of 1893, and the property was thereafter sold under an order of sale issued from justice's court, to satisfy the lien claimed by Penton, and the cow and calf in controversy were bought in at such sale by him. Hansen knew nothing about this suit before the justice of the peace until after the cattle had been sold, and after the time in which he could appeal to the district court had expired, he being a non-resident of the Territory of Oklahoma. On April 4th, 1901, Hansen commenced an action of replevin against Penton before the same justice to recover the possession of the cow and calf in controversy, which case, after judgment, was appealed to the district court of Kay county. A trial in that court resulted in a judgment for Hansen, and Penton brings the case here for review.

It is contended by counsel for Hansen that the sale made by the justice of the peace was a nullity because the act referred to is void. Conceding, without deciding, that this is true, still, in our opinion, the plaintiff cannot recover in this case. The jury found as a fact in their special findings that the written contract had never been changed or modified after its execution. Therefore, even if the sale was void, and Penton acquired no right under it, he was entitled in law to the possession of the cattle under the terms of his written contract, for it was a continuing contract for three years, and only a little over one year had run. Hansen, by his own agreement, gave Penton the possession of these cattle for the three years, and so long as it remains in force, Penton is entitled to the possession thereof. And, so far as the increase is concerned, each will own a one-half inter-

est. It is quite probable that Penton sought to take advantage of Hansen, and to acquire the absolute title to the property, but if so, he committed a fraud, for which an action in equity will lie to cancel the written contract, and relieve Hansen from the terms thereof; but, so long as it remains in force, Penton is entitled to the possession of the property.

The ordinary action of replevin will not lie to correct, modify or cancel a contract, It is not a chancery proceeding. Its purpose it to take property from one who wrongfully withholds it, and to give it to another, who has a plain legal right thereto. It is true that a vendor may replevin goods from a vendee who, by false and fraudulent representations, has obtained the same upon the theory that, by reason of the fraud, there was no contract made, and the goods remained the property of the vendor. But this is not that kind of a case. The plaintiff here insists that the contract, in law, is still in force, and that the defendant has fraudulently attempted to dispose of the property in a way that will defeat the object of the contract to plaintiff's damage. The plaintiff must plead and prove other facts which are not alleged in the bill of particulars in this case.

The judgment of the district court is reversed, and the case remanded, with directions to the district court to dismiss the case at the cost of defendant in error, without prejudice to any other action, either legal or equitable, to which he may be entitled.

Hainer, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.