## CLARKE v. UIHLEIN.

No. 5874.    Opinion Filed October 19, 1915.

(152 Pac. 589.)

**EVIDENCE—Action for Rent—Counterclaim—Damages—Opinion Evidence.** C. rented from U. the lower story of a building in the city of El Reno, in which C. conducted a mercantile business. Afterwards U. rented to another the upper story of said building, which was used as a gambling establishment. . U. brought an action against C. to recover the agreed rents for said store building, and C. sought to defeat such action by a counterclaim for damages, by reason of the maintenance of said gambling establishment, but failed to offer any evidence to show how and to what extent he had thereby been damaged, but testified that it was his opinion that he had been thus damaged. **Held,** that his opinion as to the damage thus suffered by him was not legal evidence upon which to predicate his attempted counterclaim.

2.    **APPEAL AND ERROR—Trial—Harmless Error—Instructions.** Where the evidence is in conflict as to the time when notice was given by the tenant to the landlord of the existence of a gambling establishment over a place of business rented by such tenant from said landlord, it is error for the court to instruct the jury as to the time when such notice was given; such instruction being an invasion of the province of the jury. But where the tenant, as in the instant case, fails to offer legal evidence as to any damage suffered by him, such instruction is harmless.

(Syllabus by Collier, C.)

*Error from County Court, Canadian County;*
*W. A. Maurer, Judge.*

Action by August Uihlein against W. J. Clarke. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. B. Forrest,* for plaintiff in error.

*Babcock & Thevathan,* for defendant in error.

Opinion by COLLIER, C.    This is an action to recover $270 for rents for the first floor of a building in

the city of El Reno, under a lease entered into by and between plaintiff in error and defendant in error. Hereafter the parties will be designated as they were in the trial court. The only defense interposed on the part of defendant is that the plaintiff permitted the upper part of the building over defendant's store to be used as a gambling establishment. A great deal of illegal evidence was admitted against the objection of plaintiff, as to damages sustained by plaintiff by reason of the gambling establishment being over his store; but there is no legal evidence whatever upon which the jury could base any computation of loss of profits or other damage suffered by defendant. There is, in fact, no legal evidence whatever that defendant sustained any loss by reason of the gambling establishment being over the place of business of defendant. The evidence of defendant, giving his opinion as to the loss sustained by him, was illegal evidence, and should not have been admitted. The evidence was in conflict as to the time when defendant notified plaintiff's agent of the existence of the gambling establishment over defendant's store. Judgment was rendered for plaintiff for $170. Motion for new trial was filed, overruled, and excepted to. This appeal is prosecuted to reverse said judgment.

There are four assignments of error, but, as stated in defendant's brief, the point relied upon for reversal is the giving of instruction No. 6, which is as follows:

"You are further instructed that the lessor of a building has no right to lease such building to any person or persons for an unlawful purpose, nor to permit any person or persons to occupy the building for unlawful purposes, and, if he does so, then he would be liable in damages to any person or persons who may have been injured by reason of such unlawful letting. But if you

believe from the evidence in this case that the plaintiff, through his agent, permitted the upstairs of said building to be used for an unlawful purpose, and the defendant was injured in his beneficial enjoyment and in loss of profits from his business by reason of such unlawful letting, then the plaintiff would be liable to the defendant in damages in such amount as you may believe from the evidence he has sustained subsequent to the date that he notified the plaintiff or his agent of the unlawful use and occupancy of the upstairs of said building, which, under the evidence in this case, was on or about the 1st day of December, 1912; and, if the defendant was damaged in any way by reason of such unlawful occupancy, it is the duty of the jury to determine the amount of such damage he sustained by reason thereof, subsequent to the said 1st day of December, 1912."

Said instruction does not correctly state the law. The evidence upon the question as to the time when defendant notified plaintiff of the existence of the gambling establishment over his store was in conflict; and the court in said instruction invaded the province of the jury, and said instruction should not have been given. But, inasmuch as defendant fails to show by legal evidence any damage arising to him by reason of the maintenance of the gambling establishment over his store, it was entirely immaterial as to when he notified plaintiff of the existence of said gambling establishment. Consequently said instruction No. 6 was without prejudice. This court has repeatedly held that, under and by virtue of section 4791, Rev. Laws 1910, it will disregard any error or defense in the pleadings or proceedings which does not affect any substantial rights of the adverse party. *St. L. & S. F. R. Co. v. Houston,* 27 Okla. 719, 117 Pac. 184; *Brook v. Bayless et al.,* 6 Okla. 568, 52 Pac.

738; *Blackwell et al. v. Hatch,* 13 Okla. 169, 73 Pac. 933; *Graham v. Heinrich et al.,* 13 Okla. 107, 74 Pac. 328.

The trial, by reason of the fact that the court permitted illegal evidence to go to the jury as to the damages sustained by defendant, resulted in a verdict more favorable to defendant than he was entitled to; and therefore there was no ground whatever upon which to base a new trial, and the court properly overruled the motion therefor.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.