Note.—See under (1) 43 C. J. p. 333, §362; p. 340, §369; anno. 38 L. R. A. 640; 41 L. R. A. 326; 19 R. C. L. p. 818; 3 R. C. L. Supp. p. 976; 4 R. C. L. Supp. p. 1294; 5 R. C. L. Supp. p. 1048; 6 R. C. L. Supp. 1142. (2) 43 C. J. p. 401, §519; pp. 402, 403, §520; 19 R. C. L. p. 817; 3 R. C. L. Supp. p. 976; 5 R. C. L. Supp. p. 1048; 6 R. C. L. Supp. p. 1142. (3) 42 C. J. p. 1306, §1213; p. 1307, §1214; anno. 18 A. L. A. 101; 29 A. L. R. 450; 34 A. L. R. 507: 42 A. L. R. A. 978. 6 R. C. L. Supp. 1144. (4) 42 C. J. p. 1308, §1220. (5) 42 C. J. p. 1306, §1213.

---

### DEAN v. ANSON.

No. 16909. Opinion Filed Nov. 15, 1927.

(Syllabus.)

**1. Appeal and Error—Review—Judgment ι.ot Reversed for Harmless Irregularities.**

Where the judgment of the trial court is supported by the evidence and is clearly just, it should not be reversed upon appeal for mere irregularities not affecting the substantial rights of the plaintiff in error.

**2. Same—Change of Theory of Case not Allowed on Appeal.**

Where plaintiff in error takes a position in the trial court that the contract sued upon does not constitute a partnership, and the trial court holds with the plaintiff in error, he will not be permitted to change his theory of the case on appeal, urging that said contract did constitute a partnership agreement.

**3. Same—Questions of Fact—Conclusiveness of Verdict.**

The verdict of a jury on disputed questions of fact, approved by the trial court, is binding on this court, where there is any competent evidence reasonably tending to support the same.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by C. E. Anson against T. J. Dean and others. Judgment for plaintiff, and defendant named brings error. Affirmed.

George Miller, Jr., for plaintiff in error.

Wright, Gill & Ramsdale and Clarence J. Mull, for defendant in error.

CLARK, J. Plaintiff in error was defendant in the court below; defendant in error was plaintiff in the court below. For convenience the parties will be referred to as they appeared in the trial court.

This action was commenced in the district

court of Muskogee county by plaintiff, C. E. Anson, against T. J. Dean, W. S. Anson, and W. A. Holt, as defendants.

Plaintiff alleged in his original petition that plaintiff and W. S. Anson entered into a written agreement with T. J. Dean whereby plaintiff and W. S. Anson paid to T. J. Dean the sum of $2,500 each to be used for part payment for certain player pianos located in various towns in Oklahoma; that by the terms of the contract the balance of the purchase price of said pianos would be taken out of the earnings of the pianos; plaintiff was to have charge of and look after the pianos in the territory surrounding Oklahoma City, was to be paid the sum of $20 per week as salary and necessary expenses, and the said salary and expenses were to continue until the pianos had been paid for in full; that the defendant W. S. Anson was to receive a like salary and expenses and have charge of the pianos in the territory in and around Ponca City.

The contract further provided that the proceeds from said pianos were to be paid over to T. J. Dean, with the exception of salary and expenses, and that, when the pianos were fully paid for, Dean would own one-half and the Ansons would own one-fourth each of the business.

Plaintiff further alleged that said contract constituted a partnership. The contract further provided that if at any time said party of the first part could see and prove that the parties of the second part were willfully neglecting the business through drunkenness or theft, said party of the first part had the right to discharge said parties of the second part from the business.

Said petition further alleged that plaintiff took charge of said pianos and operated the same under said contract, until on or about the 10th day of October, 1922, when the said defendant Dean, by means of threats of criminal prosecution for embezzlement, demanded that said plaintiff surrender up possession of said pianos in and around Oklahoma City, and did' take from said plaintiff possession of said pianos, and since said time has wholly failed, neglected, and refused to permit plaintiff to perform his duties as required and provided for by said contract.

Plaintiff asks for a receiver to take charge of the property, for an accounting, for a dissolution of the partnership, and for a division of the partnership property.

Thereafter defendants Dean and Holt filed separate demurrers to plaintiff's petition, which were by the court sustained. Plaintiff

thereafter filed his amended petition, in which he alleged that he had paid to defendant Dean the sum of $2,500 under the written contract entered into on the 6th day of February, 1922. That under said contract plaintiff took charge of 36 player pianos in and about Oklahoma City, and continued his work until on or about the 10th day of October, 1922, when and at which time the defendant without lawful excuse and by means of duress and threats of criminal prosecution for embezzlement compelled plaintiff to surrender to defendant the possession and control of said pianos.

Plaintiff further states because of the above-mentioned wrongful act upon the part of defendant in taking control and possession of said pianos, that said $2,500 was paid to and accepted and is now held and kept by defendant and that said defendant is now indebted to and due the plaintiff the sum of $2,500, and prays judgment for the same.

Defendant Dean answered, pleading settlement and the statute of limitation.

The cause came on for trial before a jury; the jury returned a verdict for plaintiff in the sum of $2,500; the court rendered judgment thereon, requiring the plaintiff to make a remittitur in the sum of $200.

Defendant Dean brings the case here for review, and in his brief makes 16 assignments of error. Said assignments will be considered as presented in brief of plaintiff in error, defendant below.

It is first contended, if in tort, plaintiff's cause of action is barred by the statute of limitation, and that the two-year statute of limitation would apply. Plaintiff was ousted and his cause of action arose October 10, 1922. His original action was commenced in the district court of Muskogee county the 16th day of April, 1924. His amended petition was filed more than two years after the right of action arose. With this contention we cannot agree. Plaintiff's original petition contained practically all the allegations contained in the amended petition and was sufficient to toll the statute of limitation.

The second contention made by plaintiff in error was as follows:

"The trial court erred in holding that plaintiff in the absence of an accounting was entitled to sue for the $2,500 which he paid in as his part of the firm's capital."

This contention is made on the theory that the contract constituted a partnership. This question was presented to the trial court

by a demurrer to the original petition, which asks for an accounting, and was sustained by the court, and was disposed of by the court in favor of the defendant, plaintiff in error, and by sustaining said demurrer the court denied the plaintiff an accounting. We therefore hold that this assignment of error is not well taken.

The next assignment of error is that the trial court erred in refusing the defendant a continuance. The record fails to disclose that the defendant was denied any substantial right or that the court abused its discretion in refusing a continuance.

The next error complained of by plaintiff in error defendant below, was the instructions given by the trial court. We have carefully examined the instructions, and find that they fairly state the law on the issues in this case, and if erroneous, were more favorable to the defendant, plaintiff in error, than to plaintiff, defendant in error. This rule has been announced in the case of Smith v. Pulaski Oil Co., 88 Okla. 47, 211 Pac. 1047, wherein this court held the giving of erroneous instructions which is more favorable to the plaintiff in error than to the defendant in error will not constitute error which demands a reversal of the judgment.

The defendant pleaded as a defense that he had made full settlement with plaintiffs, and offered evidence in support of the same. Plaintiff denied that any settlement was made, and this question was submitted to the jury under proper instruction, and a verdict or finding of the jury on questions of fact will not be disturbed on appeal, where there is any competent evidence reasonably tending to support the same.

There was no dispute as to the amount of money paid to Dean by plaintiff; there was no dispute but that Anson was ousted from his business about October, 1922, and the question of whether or not Dean made a full settlement with Anson at that time has been decided by the jury adversely to Dean.

Finding no error, the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, and HEFNER, JJ., concur.