**PEASE v. GOLIGHTLY.**

No. 22095. June 19, 1934.

Rehearing Denied Sept. 11, 1934.

Justin Hinshaw and Luttrell & Holland, for plaintiff in error.

Grim & Grim, for defendant in error.

WELCH, J. The plaintiff by replevin sought to recover possession of certain live stock, fowls, and farming tools and equipment. The plaintiff owned the property and had previously delivered it to the defendant pursuant to the terms of a contract or agreement by which defendant, as plaintiff's tenant, was to have and use the property and care for the same, and have as his own one-half of the increase in the live stock and fowls, in addition to his use of the work stock in the farming venture.

The defendant disputed plaintiff's right to possession, and sought damages for the wrongful taking of the property on plaintiff's writ of replevin.

The plaintiff introduced in evidence a copy of the contract under which the defendant was entitled to the possession of the property. Plaintiff also introduced evidence, over timely objections, in an effort to show that the property was not being given proper attention by the defendant, and that defendant had failed in some respects to comply with the provisions of the contract. This latter evidence was offered by the plaintiff apparently upon the theory that he was entitled to a rescission of the contract, and that he could litigate such matter in this replevin action.

At the close of plaintiff's evidence the defendant demurred thereto. As grounds of demurrer he contended that the evidence was insufficient to support a verdict for plaintiff; that plaintiff's evidence disclosed that by written contract, the defendant, and not the plaintiff, was entitled to possession of all of the property involved for an agreed term extending many months beyond the commencement of the action and beyond the time of the trial; that plaintiff's pleadings failed to allege any breach of contract, or any reason why plaintiff was entitled to possession of the property; that the pleadings and evidence of plaintiff failed to show any right of recovery in plaintiff, but, on the contrary, plaintiff's evidence established the right of the defendant to have possession of the property.

The court sustained the demurrer, and the court's instructions to the jury, in so far as material here, were as follows:

"1. You are instructed that plaintiff cannot recover herein and the only question submitted to you is the damages, if any, sustained by the defendant.

"2. You are further instructed that the burden of proof is upon the defendant to prove all the material allegations set forth in his answer by a fair preponderance of the evidence, before he would be entitled to a recovery in this case.

"4. You are instructed that if you find from the evidence in this case that the property taken herein can be restored to the defendant, you will so say by your verdict, and if you further find by a preponderance of the evidence that the defendant has been damaged by the wrongful taking and detention of said property by plaintiff, then you will award him such damages, if any, as you deem he is entitled to from the time of the unlawful taking to this date. If you find that said property cannot be restored to the defendant then you will so say by your verdict, and if you further find by a fair preponderance of the evidence that the defendant has been damaged by the wrongful taking and detention of said property by plaintiff then you will award him such damages, if any, as you deem he is entitled to from the time of the unlawful taking to the expiration of his contract, to wit: December 31, 1930.

But damages in all cases must be reasonable."

Due exception was taken to each of the instructions. The jury returned the following verdict:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do, upon oaths, find the issues in favor of the defendant, J. E. Golightly, and against the plaintiff, H. A. Pease, and find that the property herein cannot be returned, and fix his damages in the sum of $860."

The court ordered defendant to remit $250 of said judgment, after which judgment was rendered thereon against the plaintiff in the sum of $610. After the motion for new trial was overruled, plaintiff brings the cause here on appeal.

Plaintiff contends that the trial court erred in sustaining the demurrer to the evidence and in instructing the jury that plaintiff could not recover. We find no error in this.

In Kansas City Hay Press Co. v. Williams et al., 51 Okla. 6, 151 P. 570, this court held:

"While the statutory action of replevin is sufficiently flexible to authorize both legal and equitable rights to be determined in such action, yet the equities to be settled must relate to the property or the rights arising out of the contract, and not to the rescission of the contract, under which the property is claimed. * * *"

In Penton v. Hansen, 13 Okla. 450, 73 P. 843, this court held:

"D. M. Hansen delivered to James Penton six head of cattle to be kept by him for three years, for which he was to receive one-half of the increase. The contract was in writing; held, that although Penton unlawfully sold part of the cattle, replevin could not be maintained by Hansen to recover the possession of those remaining in Penton's possession, before the end of the three years; and that replevin is not a chancery action which can be invoked for the cancellation of a contract."

We think the rule announced in those cases is applicable here. Plaintiff contends the rule announced in the Hansen and Williams Cases, supra, does not apply in the instant case, upon the theory that the contract between plaintiff and defendant provided that plaintiff should furnish only such property as was necessary for the operation of the farm, and suggesting further that plaintiff's testimony showed that some of the property involved was not necessary for the operation of the farm, and that the testimony showed that he was entitled to recover some portion of the property replevied. He cites in connection therewith First Nat. Bank of Hennessey v. Farquharson, 22 Okla. 27, 97 P. 559, and other cases of similar import.

We have carefully considered the entire testimony of the plaintiff, and conclude that the same is susceptible to no other reasonable construction than that the entire property replevied was delivered by plaintiff to the defendant to be used on the farm under the terms of the contract, and that such evidence shows that no part of the property was in possession of the defendant save in pursuance of the contract. We, therefore, conclude that the rule announced in the First Nat. Bank of Hennessey v. Farquharson, supra, is not applicable herein.

Plaintiff further contends that the court committed error in not permitting the jury to determine whether or not the defendant was entitled to the possession of the property. In this connection he calls our attention to section 790, O. S. 1931, and the cases of Geiser Manufacturing Co. v. Berry et al., 12 Okla. 183, 70 P. 202; Little v. Bliss, 55 Kan. 94; Thomas et al. v. First National Bank of Tecumseh, 32 Okla. 115, 121 P. 272, and other cases. His theory is that the jury must have first found under proper instructions that the defendant was entitled to the possession of the property before they could assess damages against the plaintiff and in favor of the defendant for taking the same. The section of the statute and the cases cited deal with a situation where the plaintiff merely fails to establish his right to the property, and where there is no evidence introduced tending in any wise to establish affirmatively that the defendant is entitled to the possession of same. In such case it is obvious that some evidence must be introduced establishing the defendant's right to the possession of the property. The cited statute and cases are not applicable to the present situation by reason of the fact that the evidence on the part of the plaintiff here not only failed to establish his right to the property, but affirmatively established the right of the defendant to the possession of same, and there was no conflicting evidence on this question requiring the submission of same to the jury. Had this question been submitted to the jury in this case, the evidence would have permitted only one verdict and conclusion of the jury, and that is, that the defendant, under the evidence, was entitled to the possession of the property. It is the duty of the court in the absence of conflicting evidence in such cases to determine the question. The submission of the question to the jury would have been useless. This rule of law is discussed and ap-

plied in Vera State Bank v. Young, 147 Okla. 68, 294 P. 635. We conclude that the court committed no error in proceeding upon the theory that the defendant, under the evidence, was entitled to the possession of the property, and in instructing the jury that the only question for it to determine was the amount of damages sustained by the defendant by reason of the taking of the property by the plaintiff.

Plaintiff further complains of the court's instruction No. 4, submitting to the jury the question of whether or not the property could be returned to the defendant. It is pointed out in this connection that the direct testimony is silent on this point.

The substance of this contention is that the cause should be reversed and remanded for the court's error in the instruction, in referring to the fact that the property could not be returned, or leaving it to the jury to determine whether or not the property could be returned. It appears conceded that if that contention should be sustained, the cause would be retried in the trial court upon the one question only, the question of the amount of defendant's damage. However, that was the only matter determined at the former trial, and whether there was error in this instruction or not, a reversal of the judgment should not result unless, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. This general rule in slightly varying form has been stated and followed by this court in many decisions. Lynch v. Richardson Lumber Co., 5 Okla. 628, 49 P. 66; Boyce v. Augusta Camp. No. 7429 Modern Woodmen of America, 14 Okla. 642, 78 P. 322; Graham v. Heinrich et al., 13 Okla. 107, 74 P. 328; Showers and Draper v. Caddo County, 14 Okla. 157, 77 P. 189; Dean v. Anson, 128 Okla. 23. 261 P. 174; Muskogee Electric Traction Co. v. Dunnam, 129 Okla. 70, 263 P. 1091. See, also, Harlow's Oklahoma Civil Digest. vol. 1, p. 249, where a great number of cases following this general rule are cited. In Muskogee Electric Traction Co. v. Dunnam, supra, this court held:

"An assignment of error that fails to show any resulting injury to plaintiff, or that any of his constitutional or statutory rights were violated. is not sufficient to work a reversal of judgment."

In this case it is clearly shown that the replevin of this property by the plaintiff was wrongful; that part of the property taken, or an interest therein, was in fact owned by the defendant; that while the most of the property was owned by the plaintiff, the defendant was by express contract entitled to keep and use it for the balance of the year. There is nothing to indicate that the amount of damages allowed defendant was excessive. Upon a new trial, if one should be granted, the defendant would now be entitled to possession of that portion of the property which he owns, together with damages for its detention by the plaintiff, and would be entitled further to damages for the detention by the plaintiff of the balance of the property during the time defendant was entitled to have and use it under contract. Under the former verdict and judgment the plaintiff permanently retained all of the property and is adjudged to pay damages to the defendant. The jury found defendant's damage to be $860. Pursuant to suggestion of the trial court the defendant filed a remittitur of $250, whereupon judgment was rendered for defendant's damage in the sum of $610. The trial judge observed the witnesses and heard their testimony, and his conclusion as to the amount of damage appears to be fair and reasonable. There is nothing to indicate that a different result, or one more favorable to plaintiff, might result from a new trial of this issue of damages.

Section 3206 O. S. 1931, provides as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record. it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right."

We regard this rule, adopted into the statute and stated and followed in many decisions of this court, as controlling in this case, and as requiring that the judgment appealed from be affirmed. And it is so ordered.

RILEY, C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur.