OLIVER v. LESLIE.

No. 35027.     Sept. 30, 1952.

*248 P. 2d 624.*

Melton, McElroy & Vaughn, Chickasha, plaintiff in error.

C. D. Van Dyck, Jr., and Hatcher & Bond, Chickasha, for defendant in error.

PER CURIAM.   The parties will be referred to herein as they appeared in the trial court.

On August 8, 1949, plaintiff commenced an action in replevin to recover possession of certain dairy cattle and a milk cooler, which she alleged were wrongfully detained by the defendant.   On the same date the sheriff took possession of the property, and defendant failing to make redelivery bond, delivered the same to the plaintiff.

Defendant filed his answer alleging that he was in lawful possession of the property, under an oral contract with plaintiff which did not expire until December 31, 1949, whereby plaintiff had agreed to furnish the dairy cattle and milk cooler and defendant had agreed to milk the cows, market the milk produced, care for the cattle and do the necessary things in the operation of the dairy; that plaintiff and defendant would bear equally all expense and loss and share equally all profit and the natural increase in the dairy herd, in the operation of the dairy project.

By way of cross-petition defendant alleged that the replevin action was wrongful and a breach of the contract between the parties; that he was damaged thereby in the sum of $1,350 loss of profit in the sale of milk, $102.24 loss of family use of milk, and under the contract he was entitled to half of the natural increase of the livestock, and that four calves were born before the replevin action was commenced and seven calves were born prior to the expiration of the contract, all of which plaintiff had converted to her own use, to defendant's damage in the sum of $525.

Plaintiff filed her answer and counterclaim to the cross-petition, alleging

that she rented her farm near Tuttle, Oklahoma, to defendant on a written contract for the year 1948; that at the time of leaving the farm plaintiff and defendant had entered into a written contract, separate from the farm lease (which was lost and could not be produced at the trial), under which plaintiff had agreed to furnish the dairy cattle, milk cooler and dairy barn and defendant was to furnish all labor in caring for the cattle, milking the cows and marketing the milk; that increase in the value of the dairy herd and natural increase therefrom would be shared equally, and decrease in the value of the dairy herd and loss of cattle by death would be borne equally; that all operational profit or loss in the operation of the dairy project would be shared or borne equally; that defendant was required to so operate the dairy that the milk would meet Grade "A" standards; that the contract was a continuing contract to be terminated by notice at the end of any calendar year.

Plaintiff alleged breach of the dairy contract by defendant, in that he failed to keep the milk at Grade "A" standard and failed to keep the dairy barn and milking equipment clean, failed to properly care for the cattle and by reason of the breach of the contract plaintiff had suffered loss and damage, for which she prayed.

Plaintiff also alleged breach of the farm rental contract and resulting damage, for which she prayed.

Upon the trial of the cause defendant demurred to plaintiff's evidence as being insufficient to sustain the cause of action for replevin of the dairy cattle and milk cooler. The demurrer was sustained and the jury instructed, so far as is material here, as follows:

"In this case, gentlemen of the jury, the court has decided the replevin matter and has held that the replevin action was wrongful at the time it was issued, and you will not consider the question of the replevin of the cattle and property further."

The question of damages alleged by the parties under their respective cross-petition and counterclaim was submitted to the jury, under proper instructions, resulting in a verdict for defendant for damages in the sum of $945.

Plaintiff has appealed and complains that the trial court erred in sustaining the demurrer to the replevin action and in giving the instruction above quoted. We find no error in this.

There is no substantial conflict in the evidence of plaintiff and defendant respecting the ownership of the cattle, the terms of the contract under which the dairy project was operated, or of the duration, time and manner of terminating the contract.

Both testified that, in 1947, a contract was made between them whereby plaintiff agreed to furnish the dairy cattle and milk cooler and defendant agreed to care for the cattle, milk the cows and market the milk, each to furnish half the feed and other operational expense, the profit or loss to be equally shared or borne, and each to own a half interest in the increase of the cattle. Both testified that the contract was effective for the calendar year 1949.

Plaintiff testified that the only way the contract could be terminated prior to the expiration of the term was to "call a sale of the cattle". Plaintiff gave written notice to defendant on June 27, 1949, terminating the farm tenancy effective January 1, 1950, and in the same notice demanded possession of the dairy cattle on January 1, 1950.

Plaintiff introduced evidence tending to show that defendant had not given the cattle proper care, had not kept the dairy barn clean, and that some of the milk had been rejected because of dirt in it. Plaintiff contends that these alleged breaches of the contract by defendant nullified the contract between the parties, and left plaintiff free to pursue the legal remedy

of replevin to recover her property, as if the contract had not been made. With this contention we cannot agree.

Plaintiff cites Hunt v. Van Siclen, 136 Okla. 69, 276 P. 182, which holds that, on breach of a contract, the injured party may sue on the contract for damages sustained, or may treat the contract as abandoned or terminated and sue on the quantum meruit, or may sue in equity for specific performance. We cannot see where the rule in the cited case can have any application here.

In this case it was admitted by the plaintiff, and shown by the evidence of both parties, that defendant was in the lawful possession of the property; that while plaintiff owned most of it, defendant owned a part thereof and had the right to the use of all the property for the balance of the year 1949. Under the admitted and uncontroverted facts, taking the property under the replevin writ was wrongful. The end result of plaintiff's action was the effective cancellation of the contract under which defendant had the right to the use and possession of the property for the contract term. Plaintiff could not maintain replevin as a means of canceling and rescinding the contract.

In Penton v. Hansen, 13 Okla. 450, 73 P. 843, this court held:

"D. M. Hansen delivered to James Penton six head of cattle, to be kept by him for three years, for which he was to receive one half of the increase. The contract was in writing; Held: that although Penton unlawfully sold part of the cattle, replevin could not be maintained by Hansen to recover possession of those remaining in Penton's possession, before the end of the three years; and that replevin is not a chancery action which can be invoked for the cancellation of a contract."

In Kansas City Hay Press Co. v. Williams, 51 Okla. 6, 151 P. 570, this court held:

"While the statutory action of replevin is sufficiently flexible to authorize both legal and equitable rights to be determined in such action, yet the equities to be settled must relate to the property, or the rights arising out of the contract, and not to the rescission of the contract under which the property is claimed. * * *"

An action in replevin is primarily for the purpose of trying the issue of the right to possession of personal property. Other issues growing out of the action or relating to the property replevined, or arising out of the contract or relationship of the parties, may be raised and properly tried in such action; but where, in such case, the evidence affirmatively shows that defendant, and not plaintiff, is entitled to possession of the property, there is no issue as to the right of possession to be submitted to the jury, and the cause may be properly submitted to the jury only upon the issues of damages claimed by the parties, growing out of the action itself, or arising out of the contract or relationship of the parties under the contract.

In Pease v. Golightly, 168 Okla. 582, 35 P. 2d 469, a case in which the facts are almost identical with the facts in this case, this court held, in the first and second paragraphs of the syllabus:

"While the statutory action of replevin (O.S. 1931, Sec. 782 et seq.) is sufficiently flexible to authorize both legal and equitable rights to be determined in such action, yet the equities to be settled must relate to the property or the rights arising out of the contract, and not to the rescission of the contract, under which the property is claimed.

"In a replevin action when plaintiff's evidence affirmatively shows that the defendant and not the plaintiff is entitled to possession of the property involved, there is no issue of right of possession to be submitted to the jury, and the cause may be properly submitted * * * only upon the issue of damages claimed by defendant for the wrongful taking and detention of the property by the plaintiff."

In that case the plaintiff, Pease, sought by replevin to recover possession of livestock, fowls and farming equip-

158

ment delivered to defendant, Golightly, under a contract for a specified term, defendant to have use of the property for the term and half the increase of the livestock. Plaintiff introduced the contract in evidence and sought to prove breach of the contract in certain particulars by the defendant. The contract clearly established defendant's right to possession of the property. Defendant demurred to plaintiff's evidence. The demurrer was sustained and the jury instructed that plaintiff could not recover, and the only issue submitted to the jury was the issue of damages claimed by the defendant for the wrongful taking of the property under the replevin writ. In approving the action of the trial court, we said:

"The cited statute and cases are not applicable to the present situation by reason of the fact that the evidence on the part of the plaintiff here not only failed to establish his right to the property, but affirmatively established the right of the defendant to the possession of the same, and there was no conflicting evidence on this question requiring the submission of the same to the jury. * * * It is the duty of the court in the absence of conflicting evidence in such cases to determine the question. * * *"

"In this case it is clearly shown that the replevin of this property by the plaintiff was wrongful; that part of the property taken, or an interest therein, was in fact owned by the defendant; that while most of the property was owned by the plaintiff, the defendant was by express contract entitled to keep and use it for the balance of the year. * * *"

Finding no error in the action of the trial court, the judgment is affirmed.

The court acknowledges the services of Attorneys C. J. Roberts, W. E. Robertson, and Otis Ridings, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

ARNOLD, C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.