**W. O. PETTIT, Plaintiff in Error,**

**v.**

**Arthur RICH, Defendant in Error.**

**No. 40696.**

Supreme Court of Oklahoma.

March 9, 1965.

B. S. Null, Hartshorne, for plaintiff in error.

Brown, Brown & Brown, by Donald R. Hackler, McAlester, for defendant in error.

DAVISON, Justice.

This is an appeal by W. O. Pettit (plaintiff below) from a judgment rendered on jury verdict against him in the sum of $487.-50 in favor of Arthur H. Rich (defendant and cross-petitioner below) in the trial of a replevin action initiated by plaintiff.

The specifications of error presented by plaintiff are based only on errors of law.

Plaintiff instituted the replevin action pursuant to 12 O.S.1961, § 1571 et seq. alleging ownership and seeking to recover possession of a quarter horse named "Bob Wilson," or his value. Defendant made no redelivery bond and the sheriff delivered the horse to plaintiff.

Defendant filed an answer in the nature of a general denial and a cross-petition with two causes of action. Defendant's first cause of action denied plaintiff's right to possession and alleged defendant had a one-half interest in the horse by reason of an oral agreement with plaintiff, under which plaintiff was to furnish the money to buy the horse and defendant was to locate, procure, keep and train the horse for racing, and the profits from this and stud fees were to be equally divided, and prayed return of the horse, or its value, and for damages. Defendant's second cause of action stated that if the parties were found "not engaged in a joint adventure," then that defendant was entitled to compensation on a quantum meruit basis for enumerated services and expense for upkeep, care and training the horse in the total sum of $2420.83.

Plaintiff's reply and answer denied defendant had any right of possession or interest in the horse by reason of a joint venture agreement, and stated plaintiff furnished $1050 to buy the horse, which was to be temporarily kept by defendant, who was to care for and feed the horse, and that stud fees were to be divided by the parties. Plaintiff further alleged the horse was injured by defendant's negligent care and plaintiff was entitled to possession.

These pleadings present the issues of the rights of possession of the parties, based on

their respective understandings of the oral agreement between them, and of damages or compensation. As will be seen, the matter of compensation to defendant raised in the second cause of action in the cross-petition is the basis of plaintiff's first contention of error.

At the beginning of the trial the defendant elected to stand on his second cause of action for recovery of compensation on a quantum meruit basis for upkeep, care and training of the horse. Defendant also abandoned any claim of ownership and admitted plaintiff "does and did own the horse." After some discussion the trial judge orally concluded that the issue to be determined was how much "if anything" the defendant was entitled to recover on the second cause of action of his cross-petition. In the trial the judge allowed the parties considerable latitude in presenting their respective versions of the oral agreement relative to their obligations as to care, feed and training of the horse, after plaintiff had furnished the purchase money and defendant located and bought the animal. While defendant waived any interest in the horse, yet he positively maintained that such expense and services were not performed or gratuitous on his part purely in expectation of profits to be realized from the horse. As stated, the jury returned a verdict in favor of defendant cross-petitioner for $487.50.

Plaintiff contends that the verdict and judgment is contrary to law. We understand plaintiff's argument to be that under 12 O.S.1961, § 1580, a judgment for defendant in a replevin action should be for return of the property, or its value, and damages for taking and withholding the same, and that when defendant abandoned any claim to ownership and possession, this was decisive of the issues that could be tried in the case. He admits that a statutory replevin action is sufficiently flexible to authorize determination of both legal and equitable rights (Oliver v. Leslie, 207 Okl. 155, 248 P.2d 624), but contends the claim of defendant is not an equity relating to the

property or the rights arising out of the contract, as stated in the cited case.

We do not agree with these contentions.

The flexibility of a replevin action to determine the rights of the parties has been stated in a number of decisions by this court. The purpose of these decisions is to settle in one action all of the conflicting claims of the parties.

■ In addition to the statement in Oliver v. Leslie, supra, this court stated in M. B. Thomas Auto Sales v. Pickle, Okl., 305 P.2d 550, as follows:

"A replevin action is primarily one for the possession of personal property; yet it is sufficiently flexible to authorize a settlement of all the equities between the parties arising from or growing out of the main controversy."

See also Nelson v. Hood, Okl., 329 P.2d 1039, 1041; Orr v. Mallon, 190 Okl. 598, 126 P.2d 83, 84; and Hales-Mullaly, Inc. v. Cannon, 189 Okl. 613, 119 P.2d 46, 48.

■ From our examination of the entire record it is our opinion that the issue of who was to stand the expense of care, feeding and training of the horse was presented to the jury in terms of what was the true oral agreement between the parties. Each party claimed the other had failed to comply with the agreement. Defendant claimed that regardless of the agreement there was an implied agreement by plaintiff to pay him for these items for the 20 months he had possession of the horse. Under the above rule of law this issue was properly triable in the present replevin action.

■ In connection with the above contention plaintiff urges that the jury failed to decide the ownership or right of possession of the horse in response to an instruction of the court submitting such proposition as a part of the instruction concerning a finding against defendant on his cross-petition and in favor of plaintiff.

The verdict found only for the defendant for the above stated amount in response to another instruction submitting defendant's

right to recover on the second cause of action of his cross-petition. Under the record, as heretofore related, plaintiff was admittedly the owner and entitled to possession. However, plaintiff submitted no requested instruction as to this phase of the matter and made no objection when the verdict was returned or before the jury was discharged.

In Gaines Bros. Co. v. Phillips, 194 Okl. 374, 151 P.2d 933, it is stated:

"Where, in a civil cause, a verdict is received in the presence of counsel and the jury discharged, and the record does not affirmatively show that counsel objected to the form of the verdict until after the jury had been discharged, defects in the form of the verdict will be deemed to have been waived."

The verdict and judgment is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.