# FIRST NAT. BANK OF BYARS v. GRIFFIN & GRIFFIN.

No. 1038.   Opinion Filed November 14, 1911.

Rehearing Denied January 9, 1912.

(120 Pac. .595.)

1.  **APPEAL AND ERROR**—Review—Harmless Error. Where, under the conceded facts, the judgment rendered is correct and the only one which could be sustained, errors of practice which in no wise affect the substantial rights of the parties are without injury.

2.  **SALES**—Payment of Price—Passing of Title. Where goods are sold for cash and delivered, the vendor taking the vendee's check for the price, which on presentment within due time is dishonored, title to the goods does not pass, and the vendor may recover the value thereof from the vendee and any party who has no greater equities.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by C. L. Griffin, surviving partner of Griffin & Griffin, against the First National Bank of Byars, Okla., and another. Judgment for plaintiff, and the bank brings error. Affirmed.

*J. W. Hocker,* for plaintiff in error.

*J. B. Thompson,* for defendant in error.

DUNN, J. This case presents error from the district court of McClain county, and is an action wherein C. L. Griffin, surviving partner of the firm of Griffin & Griffin, sues N. C. Bouie and the First National Bank of Byars to recover the value of certain cotton sold by the said plaintiff to the said Bouie and by the latter delivered to his codefendant and applied by it on an overdraft due from Bouie. The sale was for cash, but the cotton was delivered to Bouie on the acceptance from him of two checks on the First National Bank of Byars with which Bouie had made some character of arrangement enabling him to buy cotton on a credit which he had established with it. When the cotton was received by the bank, the value thereof was placed to Bouie's credit, but, as he was overdrawn, the bank declined to extend his credit or carry him further, and protested the checks. Bouie and the bank knowingly received the cotton of plaintiff and neither paid anything for it; and, under the conceded facts, the bank occupies no better position than Bouie. Judgment was rendered against both for its value, and the case has been lodged in this court for review.

A number of questions of practice are raised and mooted by counsel for plaintiff in error, but as the undisputed evidence of its cashier and president discloses facts under which no other judgment than the one here rendered could be sustained, and as the judgment which was rendered is amply supported by the uncontroverted evidence in the record, any error, if the same was committed by the trial court, in ruling upon the questions referred

to, was without injury, and the cause will not be reversed on account thereof. *Smith v. Roads,* 29 Okla. 815, 119 Pac. 627, and *Hertzel et al. v. Weber et al., infra,* 120 Pac. 589, both opinions delivered at this term of court.

The principle of law applicable to the facts presented by this record is that, where goods are sold for cash and delivered, the vendor taking the vendee's check for the price which on present-ment within due time is dishonored, the vendor may either recover his goods in replevin or the value thereof from the vendee and all who have no greater equities. Wade on Notice, sec. 72; 35 Cyc. 330, and cases cited under note 49; *Masoner et al. v. Bell,* 20 Okla. 618, 95 Pac. 239, and cases therein cited; *Hodgson v. Barrett,* 33 Ohio St. 63, 31 Am. Rep. 527; *Globe Milling Co. v. Minneapolis Elevator Co.,* 44 Minn. 153, 46 N. W. 306; *Wilson & Wallace v. Comer,* 125 Ga. 500, 54 S. E. 355, 114 Am. St. Rep. 245; *Bergan v. Magnus et al.,* 98 Ga. 514, 25 S. E. 570; *Hide & Leather National Bank v. West et al.,* 20 Ill. App. 61; *Johnson-Brinkman Commission Co. v. Missouri Pacific Ry. Co.,* 52 Mo. App. 407.

Finding no error in the record, the judgment of the trial court is accordingly affirmed.

All the Justices concur.