## BROWN v. FOX et ux.

No. 15826—Opinion Filed Nov. 17, 1925.

**1. Trusts—Wrongful Conveyance by Trustee—Effect of Decree of Cancellation and Vesting Estate in Cestui Que Trust.**

A cestui que trust, by taking a decree against his trustee vesting in such cestui que trust the entire trust estate and setting aside and vacating a deed by which such trustee has wrongfully attempted to convey a part of said trust estate to another in exchange for other lands, waives his right to impress a trust upon the lands conveyed to his trustee in such exchange for the conveyance of such trust property.

**2. Appeal and Error—Harmless Error—Errors of Practice.**

Where, under the pleadings and conceded facts, the judgment rendered is correct and the only one which could be sustained, errors of practice which in no wise affect the substantial rights of the parties are without

injury and will not be considered on an appeal to this court.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Clay Brown against W. E. Fox and wife. Judgment for defendants, and plaintiff brings error. Affirmed.

T. C. Wilson, for plaintiff in error.

J. C. Wright and Phillips, Douglas & Duling, for defendants in error.

Opinion by DICKSON, C. The facts out of which this litigation arose are as follows: On the 18th day of May, 1918, the plaintiff in this case and one Lee Dugger purchased 1,440 acres of land in Mayes county, each contributing one-half of the purchase price, and by agreement of the parties to said contract the land was conveyed to said Lee Dugger, who agreed to hold one-half of said lands as his own, and the other half in trust for the use of the plaintiff. Afterward, a controversy arose between this plaintiff and said Lee Dugger, and on the 14th day of May, 1919, the plaintiff herein instituted an action in the district court of Mayes county against said Lee Dugger and Polly Dugger, his wife, for the purpose of declaring a trust in an undivided one-half interest in said 1,440-acre tract of land and for the partition thereof.

While this suit was pending, and on the 16th day of July, 1919, the said Lee Dugger attempted to convey to one R. T. Taylor 840 acres of said 1,440-acre tract in exchange for 360 acres of land in Okfuskee county, Okla. On the —— day of October, 1919, said cause between the plaintiff herein and said Lee Dugger was tried in the district court of Mayes county, resulting in a judgment and decree for the plaintiff in said cause, in which it was expressly found and decreed that the conveyance made by the said Lee Dugger of the 840 acres of land to R. T. Taylor was null and void so far as the interest of the plaintiff therein was concerned, and said deed was expressly canceled and set aside and held for naught in so far as it purported to affect the interest of the plaintiff.

After this decree was entered, and on the 14th day of November, 1919, the said Lee Dugger conveyed said 360-acre tract of land in Okfuskee county to the defendant W. E. Fox. On the 8th day of October, 1923, the plaintiff in this case, Clay Brown, commenced this action against said W. E. Fox and Mrs. W. E. Fox, his wife, for the purpose of declaring a trust in a one-half interest in said 360-acre tract of land.

The facts above recited are set out in the plaintiff's petition and a copy of the decree of the district court of Mayes county is attached to and made a part thereof, and it is alleged that on the 14th day of November, 1919, the defendant W. E. Fox had knowledge that Lee Dugger had obtained title to said tract of land in exchange for the Mayes county land, and this suit is brought upon the theory that the 360-acre tract of land was impressed with a trust.

The defendants by way of answer denied all of the allegations of the plaintiff's petition and alleged that the plaintiff was estopped from claiming any interest in said 360-acre tract of land by reason of the judgment and decree of the Mayes county district court set forth and alleged in the plaintiff's petition, and by way of cross-petition set up a cause of action against the plaintiff to quiet their title under the provisions of section 466, C. O. S. 1921. The affirmative allegations of the defendants' answer and cross-petition were put in issue by the plaintiff's reply. On the 21st day of March, 1924, the case was tried in the district court of Okfuskee county, resulting in findings for the defendants on all the issues and a decree accordingly. The plaintiff has appealed to this court and assigns that the trial court erred: (1) In denying a continuance or postponement of the trial. (2) In refusing to dismiss the entire cause without prejudice upon the application of the plaintiff. (3) In overruling the plaintiff's motion for a new trial.

An examination of the pleadings and opening statement of the plaintiff's counsel convinces us that no error was committed by the trial court prejudicial to the rights of the plaintiff. Assuming that upon the 14th day of November, 1919, the defendant W. E. Fox had full knowledge of all of the facts set up in the plaintiff's petition, still the plaintiff had no cause of action against him. The conveyance by Lee Dugger to R. T. Taylor was ineffectual and conveyed no interest in the Mayes county land as against the plaintiff. It is elementary that a person receiving a conveyance while a suit is pending involving the title to the lands conveyed receives only such title as the vendor has, and takes subject to the results of the suit. Harper v. Aetna Building & Loan Association, 88 Okla. 128, 211 Pac. 1031; Tilghman et al. v. Sykes, 103 Okla. 50, 229 Pac. 634. And having, at his suit in the district court of Mayes county, obtained a decree and judgment setting aside and holding for naught

the attempted conveyances of Lee Dugger to R. T. Taylor, and having vested in him a title in fee to all of an undivided one-half of said 1,440-acre tract of land, the plaintiff estopped himself from asserting any interest in the Okfuskee county land. The only person who could possibly have been injured by the transaction complained of in the plaintiff's petition was R. T. Taylor, and he is not before this court.

The plaintiff's pleadings are not merely defective, he has alleged a state of facts which precludes him from any possible relief in this proceeding. The judgment and decree of Okfuskee county is the only one which could have been sustained under the pleadings and admitted facts in the case (First National Bank of Byars v. Griffin & Griffin, 31 Okla. 282, 120 Pac. 595), and no substantial right of the plaintiff was prejudiced, and the judgment appealed from should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. p. 643 (Anno.).    (2) 4 C. J. p. 908, §2878; 2 R. C. L. p. 230; 1 R. C. L. Supp. p. 462; 4 R. C. L. Supp. p. 95; 5 R. C. L. Supp. p. 85.