## SCHLINGMAN et al. v. WELLS.

No. 17745—Opinion Filed March 15, 1927.

Rehearing Denied April 5, 1927.

(Syllabus.)

1. Pleading—Sufficiency of Petition Against Demurrer.

As against a demurrer, a petition must be liberally construed, and all its allegations taken as true and admitted, and, if any fact stated entitled plaintiff to any relief, the demurrer should be overruled.

2. Same—Action to Enforce Building Restrictions.

Record examined; held, petition states facts sufficient to constitute a cause of action.

Error from District Court, Tulsa County; Luther James, Judge.

Action by H. W. Schlingman and Stanley Lasarski against L. C. Wells, for a restraining order. Judgment for defendant sustaining demurrer to plaintiffs' petition, and plaintiffs appeal. Reversed and remanded.

O'Meara & Silverman, for plaintiffs in error.

Philip Kates, for defendant in error.

HEFNER, J. This appeal is prosecuted from the judgment of the district court of Tulsa county, Okla., rendered on the 6th day of March, 1926. The court sustained a demurrer to the plaintiffs' amended petition, and the plaintiffs declining to plead further, judgment was entered dismissing the action.

The suit arose over certain building restrictions in the Sunset Park addition to the city of Tulsa. The defendant started to erect a house facing west on lot 12 in block 15, and the plaintiff, who is the owner of lot 10 in said block, claims that under the restrictions defendant should face his house south on Silvan Dale instead of west on Owasso avenue.

Since the court sustained a demurrer, all the allegations in plaintiffs' petition, including the exhibit attached thereto, must be considered as true.

The facts in this case sufficiently appear from the allegations of the petition. Since the petition is lengthy, we shall set out only such portions as we deem necessary for a proper determination of the questions before us.

Plaintiff alleges in his petition as follows:

"* * * That among the restrictions imposed on the sale and use of the property in Sunset Park addition to the city of Tulsa as herein described were the following: 'That the premises described herein shall not be used for other than residence purposes for a period of ten years from this date, and no duplex house, flat or apartment shall be erected thereon during said period; that only one residence (except necessary out buildings and servants' quarters) shall be erected on said premises; that no residence shall be erected on said premises to cost less than $20,000, that the residence so erected on said premises shall front the street on which the lot fronts. * * *'

"Plaintiffs say that the defendant owns, or claims to own, lot 12 in block 15 of Sunset Park addition to the city of Tulsa and that said lot fronts 69.37 feet on a circular parkway just north and east of the intersection of Silvan Dale avenue as shown by the map hereto attached and made a part hereof as plaintiffs' Exhibit A. That said lot extends in a northerly direction 153.58 feet along Owasso avenue, thence east 110 feet, thence in a southwesterly direction about 121 feet to the street surrounding said small circular parkway. That at the intersection of Silvan Dale street and Owasso avenue said streets widen and leave a small park in the center of said intersection. That Silvan Dale runs thence in a southeasterly direction and opposite the front of lots 9, 10, 11 and 12 of block 15 of said Silvan Dale curves in the form of a U or yoke shape around a small park, leaving a part of the street on the northeast. east and southeast of said park. Said circular space around said parkway is a part of Silvan Dale, a part of the street and the only street on which lots 9. 10. 11 and 12 of block 15 front, and said lots 10 and 11 have no outlet to any other streets. avenue or highway. They say that the word 'circle' as used in this amended petition is intended to mean the circular part of Silvan Dale street. * * *"

Plaintiffs allege that Silvan Dale curves in the form of a U or yoke shape around a small park, leaving a part of the street on the northeast, east, and southeast of said park, and that said circular space around

said parkway is a part of Silvan Dale, and is the **only street on which lots 9, 10, 11, and 12 front.** Defendant refers to this U-shaped street as an "unnamed circle." It may, in fact, be an unnamed circle, but since a demurrer was sustained to the petition, under the allegations it must be admitted that the circle is named, and that the name is Silvan Dale, and extends around the small park in the form of a U or yoke shape, and that lots 9, 10, 11, and 12 front on Silvan Dale, **and the only street on which they do front.** Admitting these allegations in the petition to be true, the defendant's lot is at the corner of Owasso avenue and the street known as Silvan Dale, and fronts on Silvan Dale.

Defendant contends that the plat attached to plaintiffs' petition contradicts these allegations. If the plat did contradict the allegations, then we think the plat would control the allegations in the petition, but on examination of the plat we do not think this contradiction occurs. In fact it is customary to designate the narrow part of the lot as the "front." The plat shows that the narrow part of the lot faces on the circle which, under the allegations of the petition, we must admit is Silvan Dale. The long part of the lot faces on Owasso avenue. . We therefore cannot say that the exhibit attached to the petition contradicts the allegations in the petition.

The petition contains this further allegation:

"Plaintiffs say that recently the defendant has undertaken to build a house on lot 12, said house fronting not on said circle as intended by the plat of said addition and by all the conveyances made by the owners of said addition for the benefit of all other lot owners but fronts on Owasso avenue. * * *"

This allegation, in effect, charges that it was the intention of the owners of the addition that said lot 12 should front on the circle. This may not be true as a matter of fact. but since there is nothing in the plat to contradict it. we must accept it as true.

We think the demurrer should have been overruled and the trial court should have heard the evidence on the issues presented.

The judgment is therefore reversed and the cause remanded.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS. LESTER, CLARK, and RILEY. JJ., concur.

Note.—See under (1) 31 Cyc. pp. 79, 333. (2) 32 C. J. p. 319, §530.