Note.—See under (1) 19 C. J. p. 45, §81; p. 50, §89; anno. 18 L. R. A. ( N. S.) 305; 34 L. R. A. (N. S.) 360; 9 R. C. L. pp. 242; 243; 2 R. C. L. Supp. p. 783; 4 R. C. L. Supp. p. 603. (3) 4 C. J. p. 897, §2867; p. 1192, §3230; 2 R. C. L. p. 204; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.

---

### DAVONIAN OIL CO. v. BROWN.

No. 18268.    Opinion Filed Oct. 4, 1927.

Rehearing Denied, Jan. 17, 1928.

(Syllabus.)

**Appeal and Error—Reversal Where no Answer Brief Filed.**

The syllabus in the case of City National Bank v. Coatney et al.. 122 Okla. 233, 253, Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Logan County; Charles C. Smith, Judge.

Action by A. L. Brown against the Davonian Oil Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

Randolph, Haver, Shirk & Bridges, f r plaintiff in error.

John Adams, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Logan county, wherein the plaintiff in error was defendant in the trial court and defendant in error was plaintiff. The plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, pleading, or to otherwise appear in this court in said cause, nor has he offered any excuse for his failure to do so. This court in the case of Ctiy National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, laid down the following rule:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error had neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may,

where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." See, also, Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the judgment of the trial court be reversed, set aside, and held for naught, and that a judgment be rendered in favor of the plaintiff in error, and we find upon examination, the authorities cited by the plaintiff in error appear reasonably to sustain the contentions of plaintiff in error, and we therefore reverse the judgment of the trial court, directing it to vacate its former judgment and enter judgment in favor of the plaintiff in error.