## HARDY v. BOWZER et al.

No. 27145.   Oct. 5, 1937.

Rehearing Denied Dec. 7, 1937.

Grover C. James, Bryce Ballinger, and Dyke Ballinger, for plaintiff in error.

E. G. Avery and D. H. Cotten, for defendant in error Ross Bowzer.

Frank W. Nesbitt and Thurman & Thurman (Joseph G. Rucks, of counsel), for defendant in error J. A. Martin.

OSBORN, C. J.  Ross Bowzer, hereinafter referred to as plaintiff, sued J. A. Martin and V. C. Hardy, sole trader, doing business as the Hardy Transfer & Storage Company, hereinafter referred to as defendants, in the district court of Ottawa county, wherein plaintiff sought to recover damages for personal injuries, alleging joint negligence. Defendant Martin answered and filed a cross-petition against the defendant Hardy. The cause was tried to a jury, and verdicts were rendered in favor of plaintiff against the defendant Hardy in the sum of $7,000, in favor of defendant Martin upon the petition of plaintiff and in favor of defendant Hardy

upon the cross-petition of defendant Martin. The trial court rendered judgment on the verdict in favor of plaintiff against defendant Hardy, from which judgment this appeal is taken.

Defendant Hardy seeks a reversal of the judgment of the trial court on the ground that reversible error was committed in refusing to strike the cross-petition of Martin, and in permitting the issue between the defendants to be litigated in the present action.

The record shows that on February 28, 1935, plaintiff was traveling north on Highway 66, a short distance south of the city of Commerce, in a wagon drawn by a team of horses; that defendant Martin likewise was traveling north on said highway in a Cadillac automobile; at a point some distance south of plaintiff said defendant passed a trailer-truck owned by defendant Hardy and operated by his employee: that on account of the southbound traffic, defendant Martin was unable to pass plaintiff's wagon and while traveling immediately behind the wagon, the truck driven by defendant Hardy's employee crashed into the rear of the Cadillac automobile pushing it into plaintiff's wagon with considerable force. As a result of the collision plaintiff sustained certain personal injuries, his horses were permanently injured and damaged and his wagon was demolished. Due to the nature of our inquiry, it is unnecessary to recite further facts.

In the case of Hawkins v. Mattes, 171 Okla. 186, 41 P. (2d) 880, 889, it was said:

"It is a general rule in this jurisdiction, as well as many others, that the matters set up in a cross-bill must be germane to the matters involved in the original bill or petition. And if matter so pleaded is not involved in a proper determination of the subject matter of the original suit, a party so pleading it will be required to litigate such matter in a separate action."

To the same effect see Harrill v. Lamon, 138 Okla. 264, 280 P. 849, 850, and cases therein cited. An examination of all the authorities discloses that the trial court erred in refusing to strike the cross-petition of defendant Martin, and permitting the litigation of the issues between the defendants in this action. It is urged, however, by plaintiff that the error was harmless. It will be borne in mind that the issues raised by the cross-petition were determined by the jury in favor of defendant Hardy, the appellant, and that no cross-appeal has been taken from the judgment of the trial court upon such issues. It is urged by said defendant that substantial prejudice resulted to him in defending against the claims of plaintiff, by permitting the litigation of the issues between the defendants in the present action.

A judgment will not be set aside or a new trial granted in any case on account of error in a matter of pleading or procedure, where, after an examination of the entire record, it appears that the error complained of has not resulted in a miscarriage of justice and constitutes no substantial violation of a constitutional or statutory right. Houghton v. Duffner-Cravens Co., 175 Okla. 148, 51 P. (2d) 817. An assignment of error that fails to show any resulting injury to appellant, or that any of his constitutional or statutory rights were violated, is not sufficient to work a reversal of judgment. Pease v. Golightly, 168 Okla. 582, 35 P. (2d) 469, 94 A. L. R. 956. Where an examination of the whole case shows that the judgment of the trial court is right on the merits, the judgment will not be reversed. Watson v. Butler, 170 Okla. 350, 40 P. (2d) 653. In the instant case no contention is made that the verdict was excessive.

We have examined with care the argument of appellant regarding the prejudice resulting to him from the failure of the trial court to strike the cross-petition of defendant Martin, but under the record are unable to find that substantial prejudice resulted to said appellant or that any of his constitutional or statutory rights were substantially violated. The error does not justify a reversal of the judgment.

The judgment is affirmed.

RILEY, WELCH, PHELPS, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and CORN and GIBSON, JJ., dissent.

GIBSON, J. (dissenting). I agree with the rules of law announced in the syllabus, but I am of the opinion that the harmless error doctrine is erroneously applied. I therefore dissent.