## WILSON v. BERRYHILL et al.

No. 27717.   Nov. 9, 1937.

R. E. Stephenson, for plaintiff in error.

J. E. Thrift and C. J. Davenport, for defendant in error Margaret Jean Berryhill.

James B. Diggs, William C. Liedtke Russel G. Lowe, Redmond S. Cole, C. L. Billings, and James B. Diggs, Jr., for defendant in error Gulf Oil Corporation of Pennsylvania.

DAVISON, J.   Plaintiff, Margaret Jean Berryhill, commenced this action in the district court of Creek county by filing a petition asking for an accounting and payment to her by the defendant, Gulf Oil Corporation of Pennsylvania, of certain oil royalty payments which she alleged to be due her under an oil and gas lease held by said defendant covering the allotment of her deceased Indian father, Theodore Berryhill. Her claim is based upon the will of her father and the county court's decree distributing his estate, and also the will of her

mother, Rilla Belle Berryhill, who died subsequent to her father's death. At the time this action was filed, the mother's estate was in the process of administration. She alleges that section 2 of her father's will vested in her mother a life estate in an undivided one-half interest in said allotment; that section 12 thereof vested in herself and her mother each an undivided one-third interest in the remainder limited over on such life estate, and that by the terms of her mother's will she became vested of her mother's share.

After the filing of plaintiff's petition, the defendant oil company entered its appearance and filed a pleading in the form of an affidavit admitting that it was the holder of the lease in question and averring that all royalties accruing thereunder had been paid up to November 1, 1935, being the date of the death of Rilla Belle Berryhill, and that since said date one-half of same had been accounted for to the plaintiff; but that payment of the other half of said accruing royalties since said date had been withheld and that Loney Love Wilson, Jackson Glenn Berryhill, Earl Berryhill, Vess Berryhill, and Earl Berryhill, executor of the last will and testament of Rilla Belle Berryhill, are claiming some interest in said unpaid sum; that said claims were being made without collusion with said oil company; that said company was willing to pay said sum to whomsoever the court directed, and prayed for an order making the above named claimants parties to the action.

Thereupon the court made an order requiring the claimants named in the oil company's affidavit to appear in said action within 20 days from the service of said order upon them, for the purpose of either maintaining or relinquishing any claims that they might be asserting to said fund.

The parties alleged to be disputing plaintiff's claims to the funds seem to be brothers and a sister of the plaintiff and the executor of the last will and testament of Rilla Belle Berryhill, deceased, and none of them entered an appearance in the cause except the sister, Lona L. Wilson, who is the appellant herein. She filed a special appearance and a motion to quash the service and a motion to be designated as a party defendant. After these motions were overruled, the appellant filed a pleading designated "Answer and Response," in which she denied that there was any controversy between the plaintiff and the defendant oil company, or between herself and the latter, but alleged that the claims asserted in the plaintiff's petition were contrary to the terms and provisions of their father's will and constituted a cloud on her own title to said funds derived through their father's will. The defendant denies the plaintiff's title to the leased lands in question by an entirely different construction of their father's will. She also asserts estoppel against the plaintiff's claim under their mother's will by reason of certain alleged acts and oral statements and a proposition of purchase made by the plaintiff, and prayed that she be adjudged the owner of a one-fourth interest in the father's allotment and entitled to receive a like amount of the rents and royalties accruing therefrom, subject only to plaintiff's life-estate interest in an undivided one-half of said allotment, and further prayed that plaintiff be required to bring all of the Berryhill children into the action by proper process.

The plaintiff replied to Lona Wilson's answer by general denial.

Thereafter plaintiff filed a motion for judgment on the pleadings, and the defendant Lona L. Wilson filed a motion in which she alleged that all necessary parties to the action had not been properly served by legal process or notice, and therefore the court lacked jurisdiction to adjudicate any of the issues in the cause, and prayed that said action be dismissed until proper service was had on all parties.

When a hearing was had on these motions, the motion of the defendant Lona L. Wilson to dismiss was overruled and plaintiff's motion for judgment on the pleadings was sustained, to the latter of which rulings both defendants excepted. Thereupon, there was a formal journal entry of judgment approved by counsel of all three of the appearing parties and filed in said cause, by which judgment for the plaintiff was rendered for one-third of the accrued royalties held by the defendant oil company, and it was ordered that same be paid into court and upon said payment that said oil company should be discharged from all further liability, and also that any interest derived through the will of the mother was subject to the jurisdiction of the county court and that royalties accruing therefrom were payable to the executor of her estate pending the administration thereof. The journal entry also included an order overruling a motion of the defendant Lona L. Wilson for a new trial.

On the same day the journal entry of

judgment was filed, the defendant oil company paid the amount of the judgment into court and was discharged by separate court order, to all of which the defendant Lona Wilson excepted, and she has made both the plaintiff and the defendant oil company parties to this appeal.

The petition in error contains five assignments, but only two of these are argued in appellant's brief. These are that the court erred in sustaining plaintiff's motion for judgment on the pleadings, and also in dismissing the defendant oil company and allowing it to pay the royalties into court and thereafter ordering said money paid to the plaintiff.

For the purpose of deciding the questions raised on this appeal, it is necessary to determine the true interpretation of certain parts of the will of Theodore Berryhill, deceased. These parts are as follows:

"Section 2. I give, devise and bequeath to my beloved wife, Rilla Belle Berryhill, an undivided one-half interest in and to (the allotment described) same being my allotment as a citizen of the Creek Nation to be hers during her lifetime; then to revert to my heirs and be distributed as hereinafter provided.

"Section 3. I hereby devise and bequeath to my beloved daughter, Margaret Jean Berryhill, an undivided one-half interest in and to my said allotment in Creek county, Okla., same being described in the preceding section, to be hers in fee simple provided she has issue of her body born alive, otherwise to be hers in life only, and then to revert to my heirs and be distributed as hereinafter provided.

"Section 4. I hereby give and bequeath to my beloved daughter, Loney Love Wilson, the sum of $1,000 and no more. * * *

"Section 12. I hereby give, devise and bequeath to my beloved wife, Rilla Belle Berryhill, an undivided one-third of all the remainder of my property, whether real, mixed, or personal and wheresoever situated; and the remaining two-thirds I hereby give, devise and bequeath to my beloved son, Vess Berryhill and my beloved daughter, Margaret Jean Berryhill, share and share alike. * * *

"Section 22. The specific bequests herein made to the individual beneficiaries are to be in full of any claims that they or either of them may have against my estate, either under this will or under the laws of the State of Oklahoma; and my said executrix upon payment of these specific legacies herein provided, shall take receipt from the beneficiaries herein named, discharging her and my said estate from any and all further claims thereon, or therein, it being my express purpose to convey all of the rest and residue of my estate after the payment of said legacies, and the expenses of administration to my said wife and my said son, Vess Berryhill, and my said daughter, Margaret Jean Berryhill, share and share alike to the exclusion of all my other heirs whomsoever."

It is the appellant's contention that the word "remainder," as used in section 12 of the will, refers to the residue of the estate and does not include the reversionary interest in the allotment, which she contends, is devised by sections 2 and 3 to the "heirs." She asserts, further, that the word "heirs" was intended to include all of the heirs named in the will with the exception of the plaintiff and her mother. She contends that this was the construction placed on those words by the county court in its decree of distribution made and entered in the administration proceedings of the estate of the father, Theodore Berryhill, deceased, where, in the body of the instrument, the reversion in the allotment is described as going "to the heirs at law of the said Theodore Berryhill, deceased, and to be distributed as in said will provided. * * *" Then appellant cites the following quotation from Thompson on Construction of Wills, p. 298, sec. 170, as authority for her interpretation of the word "heirs," as used in the will:

"Generally speaking, the word 'heir' or 'heir at law,' when used in a will, in its legal or technical sense does not include the widow of a deceased husband, or the widower of a deceased wife."

We cannot subscribe to the application of such a rule to the will here presented, for the reason that we believe the plain and simple language of the will as a whole establishes conclusively that the word "heirs" was not used in such a technical sense, but that the meaning placed upon the word by the testator himself excluded neither the plaintiff nor her mother. To say that by the terms of the will the remainder of the allotment reverts to anyone except the plaintiff, her mother, and one brother, Vess Berryhill, is to ignore or to nullify the phrase "and to be distributed as hereinafter provided" which follows the words "revert to my heirs" in sections 2 and 3. Also, to hold that the will devised the appellant any part of the reversionary in the allotment, we would have to wholly disregard the words of limitation in the only section of the will which mentions the appellant by name, viz.,

section 4, as well as the provisions of section 22. In our opinion, all speculation as to whether the testator intended to vest the remainder of the fee-simple title to the allotment in all of his heirs at law, as might be indicated by sections 2 and 3, or whether he intended by his will to devise said fee only to his wife, his daughter, Margaret Jean, and his son, Vess, is abruptly ended by section 22. Following the rules contained in our statutes for the construction of wills, more particularly, sections 1583, 1586, and 1587, O. S. 1931, we conclude that the will of the testator devised to the plaintiff a one-third interest in the remainder of her father's allotment and excluded the appellant from any and all interest therein.

Appellant further argues, however, that for the purpose of a ruling on plaintiff's motion for judgment on the pleadings, the allegations of her response and answer should have been considered as admitted and that the facts therein alleged are sufficient to estop the plaintiff from claiming that the will excluded her from an interest in the remainder of the allotment involved. These facts are that the understanding of the will which the mother, Rilla Belle Berryhill, expressed during her lifetime was that it devised the remainder to the children of herself and her husband, and that this was also plaintiff's understanding, as evidenced by her procuring conveyances of the interests of her brothers therein and by her attempt to purchase the appellant's interest. In these facts, counsel neither shows us the elements of estoppel, nor does he convince us that they should have any bearing on the construction of the will. Quotations are also cited from Thompson, supra, to the effect that weight will be given the construction placed upon a will by the parties interested in the estate, but these rules were formulated and applied in cases where the provisions of the will were ambiguous. However, as we have already said, the provisions of this will are plain and unambiguous. It is well settled that where a testator's intention is expressed in his will in plain, ordinary, and unambiguous language, extrinsic evidence is generally inadmissible to construe that expression. 28 R. C. L. 270; 38 L. R. A. (N. S.) 593; Ann. Cas. 1915B, 16.

For the reasons given, we conclude that the true interpretation of the will of her father and the decree of distribution vested in the plaintiff an undivided one-third interest in and to the fee simple title to the remainder limited on the life estate of Rilla Berryhill in one-half of said allotment. It follows, therefore, that the judgment of the trial court that plaintiff recover the royalty payments derived from said interest is correct.

In appellant's remaining assignment of error, she complains of the action of the trial court in dismissing the defendant oil company upon its payment of the judgment into court and in ordering said fund paid to the plaintiff. It seems to be her contention that this was not a proper case for the operation of section 159, O. S. 1931. Omitting the irrelevant portions thereof, said section reads as follows:

"Upon affidavit of a defendant, before answer, in any action * * * for the recovery of personal property, that some third party, without collusion with him, has or makes a claim to the subject of the action, and that he is ready to pay or dispose of the same, as the court may direct, the court may make an order * * * for the payment, or deposit in court or delivery of the subject of the action to such persons as it may direct, and an order requiring such third party to appear in a reasonable time and maintain or relinquish his claim against the defendant. * * * If such third party appear, he shall be allowed to make himself defendant in the action, in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action upon his compliance with the order of the court for the payment, deposit or delivery thereof."

All of appellant's objections to the use in the present case of the procedure set forth in the statute quoted above seem to be founded upon the mistaken idea that the subject matter of the action is the Berryhill allotment rather than the royalty payments due under an oil and gas lease thereon. She argues that section 159 does not authorize the dismissal of the defendant petroleum company because neither she nor the plaintiff claimed adversely to its title, and in asking to be dismissed from the action said company relinquished no claim in the "property." An examination of the affidavit filed by the defendant Gulf Petroleum Company discloses no claim on its part to any interest in the one-eighth royalty accrued, but, on the contrary, said affidavit contains an affirmative assertion that said company was ready to pay or dispose of said fund as the court directed. Since the statute requires that the defendant paying the fund into court must claim no interest in it, there can be no claim of title in him to conflict with the claim of the other parties that title to

said fund is in them. Thus appellant's argument is without basis both in the facts of this case and the requirements of the statute applied thereto by the trial court. From the situation presented, we find that the instant case is a proper one for the filing by the defendant petroleum company of the affidavit provided for in section 159, supra, and also that the affidavit of said defendant filed herein complies with all of the statutory requirements of said section for such affidavits. Therefore, after the said defendant, Gulf Petroleum Company, filed said affidavit and paid into court the fund adjudged to belong to the plaintiff, the trial court committed no error in discharging said defendant company from further liability and dismissing it from the action.

Appellant gives no reason for her objection to the amount of the judgment debt being delivered to the plaintiff after its payment to the court clerk, and we think it unnecessary to consider this alleged error in view of the fact that we here conclude that the plaintiff was entitled to said funds. As the funds belonged to the plaintiff, it is no cause for complaint that they have been paid to her. This court has often held that if the judgment of the trial court is correct on the merits of the cause, errors of practice and procedure not affecting the substantial rights of the parties will be considered harmless on appeal. Graham v. Heinrich, 13 Okla. 107, 74 P. 328; First National Bank v. Griffin & Griffin, 31 Okla. 382, 120 P. 595, 49 L. R. A. (N. S.) 1020; Brown v. Fox, 115 Okla. 41, 242 P. 157.

Finding no error in the judgment of the trial court, the same is hereby affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, GIBSON, and HURST, JJ., concur. RILEY, PHELPS, and CORN, JJ., absent.