## HOME INS. CO. OF NEW YORK v. VOTO-JACOBUS MOTOR CO.

No. 30272.   Oct. 7, 1941.

*117 P. 2d 779.*

Robert J. Bell and Fred W. Whetsel, both of McAlester, for plaintiff in error.

H. H. Cook, of Atoka, for defendant in error.

DAVISON, J.   In the trial court the defendant in error, as plaintiff, recovered judgment in the sum of $76.08, together with its costs against plaintiff in error, as defendant, and the latter has perfected this appeal.

The principal amount of said judgment represents the plaintiff motor company's charges of $126.08 for repairing an automobile belonging to one Leo Shoemake, less a deduction of $50. The repairs were necessitated by a collision in which said automobile was involved while being driven by the owner's father, John Shoemake, who obtained a traveler's check in the sum of $50 from the driver of the other car involved in the collision and transmitted said payment to the motor company to be applied on the cost of said repairs. Thereafter, the defendant, who had issued to Leo Shoemake an insurance policy covering collision damages to the car and containing what is commonly termed a "fifty-dollar deductable clause," entered into a so-called "settlement agreement" with Leo Shoemake regarding his claim for compensation for the damages to his car under the terms of said policy. Thereafter, a draft in the sum of $76.08 was drawn upon the defendant insurance company by D. F. Broderick, Inc., payable to Universal Credit Company, the mortgagee of the automobile, and in due course said draft was transmitted to the plaintiff motor company with the endorsements of both the mortgagee and Leo Shoemake thereon, to defray the outstanding balance due said motor company upon its repair bill. When the draft was presented for acceptance and payment, it was dishonored. Subsequently the motor company commenced this action against the insurance company.

The petition filed in said cause contained a brief statement of facts concerning the defendant's issuance of the insurance policy above mentioned, the damages to the car, the defendant's obligation to pay for said damages under the terms of its policy and its agreement through its general agent, D. F. Broderick, Inc., to pay the sum of $76.08 thereon. The petition purported to have been filed on behalf of both Leo Shoemake and the motor company as plaintiffs in the cause, but it alleged that by reason of the facts therein set forth the defendant was indebted to the plaintiff motor company in the sum of $76.08, and this was the only indebtedness mentioned in its prayer for relief.

The defendant interposed a demurrer to said petition, and after saving exceptions to the court's overruling same (as amended at the hearing thereon) filed an answer in which it admitted its issuance to Leo Shoemake of the policy referred to in the petition, but denied its liability under the terms of said policy on grounds unnecessary to describe herein. The defendant also admitted that it had entered into a so-called "adjuster's agreement" with Leo Shoemake, and that the draft referred to in plaintiff's petition was issued, but denied that it was liable for the alleged indebtedness by reason of the agreement or the draft.

After both parties had waived a jury, the cause was tried to the court, who found the issues in favor of the plaintiff motor company and rendered judgment in its favor as hereinbefore noted.

One of the propositions urged by the defendant for reversal of said judgment is that same is without competent evidence to support it. The argument under this proposition proceeds upon the hypothesis that under the evidence no recovery could be had either upon the draft or the insurance policy. If the trial court had been restricted to these instruments for the basis of the defendant's liability to the plaintiff motor company, then the defendant's contention might be worthy of serious consideration, but this is not the case. There is competent evidence to support the trial court's judgment upon the theory of implied contract without consideration of any express or written contract. The undisputed testimony of the only two witnesses who testified conclusively established a direct obligation on the part of the defendant to pay the plaintiff motor company for the automobile repairs involved herein, in addition to and apart from any obligation it may have had to Leo Shoemake under the terms of the policy. According to this testimony the motor company made the repairs at the specific instance and request of one Mr. Brooks, who negotiated the "adjuster's agreement" with Shoemake on behalf of the defendant company and its agent, D. F. Broderick, Inc. Brooks' authority to act for the defendant in such matters was never denied and there was no evidence introduced to show that his admitted authority as an agent of the defendant did not extend to or include the negotiation of such contracts on its behalf. Consequently, the defendant's contentions with reference to the insufficiency of the evidence to support the judgment is without merit; and the fact that said judgment may have been based entirely upon the court's finding that the defendant was bound under its policy of insurance to pay the sum plaintiff sought to recover does not constitute sufficient ground for reversing same. See Mortgage Bond Co. v. Stephens, 181 Okla. 419, 74 P. 2d 361; Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362, and other cases cited under Appeal and Error, Key No. 854 (2) vol. 2, Okla. Dig.

Other propositions urged by the defendant are that the trial court erred in the assessment of the amount of plaintiff's recovery and in overruling its amended demurrer to the plaintiff's petition. It is unnecessary to describe the argument advanced under the first of these propositions, for it proceeds upon the erroneous hypothesis that the cause of action in the present case was governed by the terms of the policy of insurance on the car and certain legal principles said to be applicable to actions on such policies. We have already demonstrated that on the basis of the facts established at the trial, a judgment in favor of the plaintiff motor company was warranted without regard to the terms of the policy or any contract or agreement between the defendant and Leo Shoemake.

The argument advanced to show that the trial court erroneously overruled the defendant's amended demurrer to plaintiff's petition is based upon two principal contentions. One of these is that said petition was defective in naming Leo Shoemake as a party plaintiff therein, and the other is that said petition did not state a cause of action in

favor of either Shoemake or the motor company. In support of these contentions it is first said that the petition's reference to Shoemake as a plaintiff is incorrect because it states no cause of action in his favor. As to the second contention, it is asserted that the petition fails to state a cause of action in favor of the plaintiff motor company, either upon the policy or upon the draft.

Assuming the correctness of these statements regarding the petition, we cannot agree that the trial court committed reversible error in overruling defendant's demurrer thereto. Although Leo Shoemake should not have been designated nor referred to in the petition as a plaintiff in the action, and such inaccurate statements, whether intentional or inadvertent, should be avoided in the composition of any pleading, we think counsel for the defendant attaches undue importance to them in the present case. Especially do they appear harmless in view of the defendant's position that the petition stated no cause of action in favor of Shoemake, and the fact that the latter neither sought nor obtained any direct relief from the defendant. The defendant's contention that the petition states no cause of action in favor of the plaintiff motor company, like its argument concerning the insufficiency of the evidence, fails to take into consideration the defendant's implied agreement to pay said motor company for repairing the car. The petition alleged that the defendant agreed to do this, and also alleged that by reason of the "premises" therein stated said defendant became indebted to the plaintiff motor company in the sum prayed for therein. Upon examining the petition as a whole, we are not convinced either that it wholly fails to state a cause of action against the defendant or that its reference to Leo Shoemake as a plaintiff in the case renders it fatally defective. It is a rule of long standing in this jurisdiction that the petition must be liberally construed, and if any fact stated therein entitles the plaintiff to any relief, a demurrer thereto should be overruled. Bowling v.

Viets, 176 Okla. 107, 54 P. 2d 653; Phillips Petroleum Co. v. Matthesen, 171 Okla. 541, 44 P. 2d 56; Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. 2d 1; Brown v. Shwinogee, 128 Okla. 149, 261 P. 920; Schlingman et al. v. Wells, 122 Okla. 275, 254 P. 716. And where, under our liberal rules of construction, the judgment rendered in a cause is within the issues thereof and supported by the evidence introduced therein, this court will not reverse same on account of an error in the pleading or procedure, unless it appears that such error has probably resulted in a miscarriage of justice or constituted a substantial violation of some constitutional or statutory right of the appellant. Hardy v. Bowzer, 181 Okla. 360, 73 P. 2d 1158; Wilson v. Berryhill, 181 Okla. 213, 73 P. 2d 449; Houghton v. Duffner-Cravens Co., 175 Okla. 148, 51 P. 2d 817; Mullen v. Thaxton, 24 Okla. 643, 104 P. 359. Applying the above rule to the present case, the judgment of the trial court will not be reversed on account of the trial court's alleged error in overruling the defendant's amended demurrer, and as we have found no cause for reversal in the other propositions defendant advances, the judgment heretofore rendered is affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., absent.