FIBIKOWSKI v. FIBIKOWSKI et al.

No. 30247. Dec. 2, 1941.

Rehearing Denied Jan. 13, 1942.

Application for Leave to File Second Petition for Rehearing Denied Feb. 3, 1942.

*121 P. 2d 304.*

W. L. Johnson, of Chandler, for plaintiff in error.

H. M. Jarrett and M. A. Cox, both of Chandler, for defendants in error.

DAVISON, J. In this action plaintiff in error, hereinafter referred to as plaintiff, sought to establish his ownership of certain real estate in Lincoln county. The tract of land in question is the southeast quarter of a 160-acre farm which belonged to plaintiff's mother, Mrs. Mary Jezewski, who died in December, 1931, leaving him and three other adult children surviving her.

Prior to 1927, plaintiff lived with his older brother, Frank, and his mother in the latter's home on the farm. During that year plaintiff was married, and with the exception of one year, has since lived on the particular portion of the farm involved herein in a house he erected thereon in anticipation of his marriage.

About two months prior to her death, Mrs. Jezewski made a will in which she devised the 40 acres to plaintiff's son, John Charles Fibikowski, who was then approximately three years of age, and made no provision therein for the plaintiff, except a specific bequest of one dollar.

After the testator's death, plaintiff administered her estate, and it was distributed in accord with the terms of her will and the final decree of the probate court.

Thereafter, in 1933, plaintiff was appointed guardian of his minor son, John Charles, and acted as such until he was removed in May, 1937, upon the petition of his former wife, Jessie Fibikowski, from whom he was divorced in 1934 or 1935. After said removal, Jessie was appointed the child's guardian and was so acting when on August 4, 1937, plaintiff instituted the present action, naming both his minor son, John Charles, and the latter's mother and guardian as the defendants therein.

In his amended petition filed in the action, plaintiff charged, among other things, that the defendant guardian was threatening to dispossess him of the 40-acre premises hereinbefore described, and asked that she be enjoined from so doing, and that he be declared the owner of said property. Plaintiff's claim to the ownership of the property was based upon allegations to the effect that his mother's devise vested only the naked legal title in his son, John Charles, and that the equitable and beneficial ownership had vested in himself by reason of the performance of his obligations under an alleged oral agreement had with his mother many years before, whereby she was to "bequeath" him the property in consideration of love and affection and his caring for her during the feeble period of her life. Some of the more specific details of plaintiff's allegations are set forth in the opinion promulgated in Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921, wherein this court reversed the trial court's judgment sustaining the defendants' demurrers to plaintiff's above-described pleading, and held that the facts therein alleged were sufficient to establish that the real estate in question was the subject of a resulting trust in plaintiff's favor.

Upon reinstatement of plaintiff's cause of action in compliance with the mandate issued in the above-mentioned appeal, the defendants filed answers denying that there had been any agreement between Mrs. Jezewski and plaintiff whereby the latter was to inherit the property, or to hold, own, use or occupy same and appropriate the rents and profits therefrom; and specifically denying that there had been any consideration for such an agreement.

Plaintiff filed separate demurrers to certain parts of defendants' answers in which they claimed in substance that as plaintiff had procured the distribution of his mother's estate in accordance with the terms of her will, and, as guardian of John Charles, had acknowledged the latter's ownership of the property in question, he was thereafter estopped from disputing it. These demurrers were overruled and the cause was tried without a jury. Judgment was entered in favor of the defendants, denying plaintiff the relief sought.

In this appeal plaintiff urges three principal propositions for reversal of the trial court's judgment. Under the first of these he takes the position that the evidence introduced at the trial was sufficient to establish the allegations of his amended petition, which, as hereinbefore noted, were upheld as against defendants' demurrers in Fibikowski v. Fibikowski, supra. Our conclusion in said appeal that plaintiff's amended petition was sufficient as an allegation of a resulting trust in his favor was based upon the proposition that where a father has paid the consideration for land and had it conveyed to his child, a resulting trust will arise in the father's favor, if ". . . it clearly appears from the accompanying facts and circumstances that the beneficial interest was not intended to be transferred with the legal title. . . ."

The evidence on behalf of plaintiff tends to show that for several years previous to her death, Mrs. Jezewski had intended for her four children to inherit equal portions of her farm. Pursuant to this intention, her son, Frank, was to have the northeast quarter thereof, and plaintiff the southeast quarter, in accord with preferences they had each expressed, but the evidence falls far short of establishing an enforceable agreement that the farm should be so conveyed. The provisions of her will reveal that she carried out this plan, except as to the portion that has been referred to as intended for plaintiff, but the evidence is insufficient to negative the conclusion that she changed her mind or her previous intention regarding this tract before making her will. Nor does it clearly appear that plaintiff instigated or was responsible for his mother's devise of the property to his son. Much emphasis is placed upon the fact that the testator consulted with the plaintiff as well as with at least one of her neighbors before deciding to will the tract to said devisee. All that this positively proves, however, is that the devisor sought and obtained the advice and approval of the plaintiff in this, as in other matters concerning her property. And it does not clearly appear from the facts and circumstances proved that it was not intended by said devise to transfer the beneficial interest in the property, as well as the legal title thereto, to the devisee, John Charles Fibikowski.

In apparent recognition of such deficiencies in the proof, counsel for plaintiff calls our attention to section 11809, O. S. 1931, 60 Okla. St. Ann. § 137, and contends that under such statutes, as well as at common law, the important thing is not whether there was any specific agreement or contract and contemplation by the parties of the legal effect of their acts, but that the principal and most important consideration in determining the existence of a resulting trust is whether or not one person has paid the consideration for the conveyance to another of the legal title to the property comprising the subject of the trust. Assuming that this argument is soundly premised, the question which then arises is whether the facts of this case render it applicable here. The answer to this question depends upon whether the provision devising the real estate in question to John Charles Fibikowski was made a part of plaintiff's mother's will because of a consideration which plaintiff gave her for such devise.

The consideration upon which plaintiff relies to establish himself as the beneficiary under his mother's devise consists of the contributions which his counsel say he made to her care and support, and the upkeep and improvement of the farm upon which they lived. The case of Taylor v. Taylor, 79 Kan. 161, 99 P. 814, is cited as conclu-

sive of plaintiff's right to be declared the owner of that quarter of the farm he now claims, but the present case differs from the cited case in that here, not only was there no proof of a contract to convey him the land, but there was no positive proof that plaintiff ever contributed anything to his mother's support pursuant to such a contract. Plaintiff's argument to the contrary seems to be based largely upon the assumption that Mrs. Jezewski earned nothing by her own labor but was dependent upon her sons for support. While it is not shown that she ever farmed the land or raised any of the crops herself, there is evidence indicating that some years portions of her farm were rented, and there is uncontradicted proof that on at least one occasion she received a substantial sum from the sale of an oil and gas lease on her land.

Counsel for plaintiff attempts to further support his argument by reference to plaintiff's testimony concerning the payment of taxes on the Jezewski farm, but the most that this evidence can be said to establish is that plaintiff and his brother acted as his mother's agents in the transmission of the tax money to the county treasurer. Plaintiff admitted that the taxes were paid out of the income from the farm and did not prove that any of his own earnings were appropriated for that purpose.

As hereinbefore indicated, certain improvements have been erected on various portions of the farm, including the 40 acres on which the plaintiff has lived since his marriage. Among these were the house that plaintiff built prior to his marriage, and a filling station. It was not established, however, that any of plaintiff's funds went into the cost of said improvements. All that the evidence reveals in this connection is that plaintiff secured $400 from his mother to apply on the cost of the house. It was conceded that plaintiff contributed nothing toward the erection of the filling station. Plaintiff's testimony tends to show that he performed some of the labor on the house, but it was not shown that this was a part of the consideration for any contract with his mother, and for all that appears from the record such labor was performed for no other purpose than to provide him and his family with a place to live.

As we have found no proof of an agreement by Mrs. Jezewski to convey the 40 acres in question to the plaintiff, it is unnecessary to decide whether plaintiff's occupation of said tract, after his marriage, was such as could be relied upon as part performance of such an agreement. Owing to the emphasis placed upon the matter by counsel for the plaintiff, however, it may be observed that upon the basis of all of the facts and circumstances in connection therewith, there is room for doubt as to whether plaintiff's so-called "possession" was of such a character as to aid him in establishing such an agreement without a written memorandum thereof. In this connection see Boese v. Childress, 83 Okla. 60, 63, 200 P. 997, 1001, and other authorities cited in Holland v. Ross, 189 Okla. 428, 117 P. 2d 798, 801.

After a thorough examination of all of the evidence, we are unable to say that at the time Mrs. Jezewski made her will, she intended that the property in question, or the beneficial interest therein, should ever belong to the plaintiff, rather than to the devisee thereof.

The attempted contradiction of a valid devise, like an attempt to impeach a validly executed deed as proof of the transfer of both the equitable and legal title to real estate, is not favored by the law. The presumptions to be indulged are in favor of a complete grant, and a high standard of proof is required to overcome such presumptions. In connection with the creature of equity by which plaintiff attempts to accomplish such an object, the following was said in Babcock v. Collison et al., 73 Okla. 232, 175 P. 762, and quoted with approval in Gaines v. Gaines, 176 Okla. 576, 56 P. 2d 869:

"A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting

trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

When the proof presented in the present case is appraised on the basis of the standard above set forth, the judgment of the trial court cannot be said to be clearly against the weight of the evidence.

The other assignments of error urged by the plaintiff are that the trial court erred in overruling his demurrers to portions of defendants' answers as hereinbefore noted, and in permitting the introduction of evidence in support of those portions of said pleadings. Plaintiff's position in advancing these contentions seems to be that if the resulting trust upon which he predicated his alleged rights and interest in the premises existed at all, it was created at the time his mother's will was executed, and that whatever occurred after that in connection with the probate of his mother's will, the administration of her estate, or the guardianship of his minor son, constitutes no proper part of a defense to his action.

We find it unnecessary to pass upon the correctness of the rulings thus complained of, for the reason that if the trial court therein erred, said errors were harmless. It is a rule of long standing in this jurisdiction that a judgment will not be reversed on account of alleged errors in practice and procedure not affecting the substantial rights of the parties. Home Ins. Co. of New York v. Voto-Jacobus Motor Co., 189 Okla. 426, 117 P. 2d 779, and authorities therein cited. Schaff v. Coyle, 121 Okla. 228, 249 P. 947; Brown v. Fox, 115 Okla. 41, 242 P. 157; First Nat. Bank v. Griffin & Griffin, 31 Okla. 382, 120 P. 595, 49 L.R.A. (N. S.) 1020. This rule applies to alleged errors in the admission of evidence as well as to allegedly erroneous rulings on pleadings. Mid-Continent Petroleum Corp. v. Fisher, 183 Okla. 638, 84 P. 2d 22. And it is particularly applicable to cases tried before the court without a jury where, as here, it affirm-atively appears that the alleged errors did not affect the court's judgment. See Wistar v. Whitewing, 189 Okla. 292, 116 P. 2d 565, 567. The remarks of the trial judge during the trial of the present case and before his judgment was rendered clearly demonstrate that plaintiff's cause and his rights with reference thereto were in no way prejudiced by any of the alleged errors of which plaintiff now complains.

As we have found no cause for reversal in any of the alleged errors urged against the judgment of the trial court, said judgment is hereby affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur. HURST, J., dissents.